Nash et al. v. Taylor.

No. 7698.

## NASH ET AL. v. TAYLOR.

WILL.— *Widow's Annuity.*— *Charge on Lands.*— *Partition.*— *Estoppel.*— *Release.* —*Mortgage.*—*Subrogation.*—*Decedents' Estates.*—*Notice.*—*Title.*—A testator by his last will gave to his widow, in lieu of her rights under the law, an annuity of $1,500, certain personal property and a life-estate in a tract of land, and to his seven children the residue of his estate. The personal estate and some lands were exhausted in the payment of the testator's debts, leaving other lands, which were partitioned among the children. One of the children sold his remainder in the lands devised to the widow, and, under a foreclosure of a mortgage given by him of the lands allotted to him by the partition, the mortgagee obtained title thereto, and that child became insolvent.

*Held,* that a complaint against the mortgagee by the widow to enforce a charge upon such land for one-seventh of the annuity, was good on demurrer.

*Held,* also, that the judgment in partition, which merely severed the lands and created no new title, did not estop the plaintiff.

*Held,* also, that a release by the widow of another child from the payment of the part of the annuity chargeable on his lands, did not operate as a release of the charge upon the other shares.

*Held,* also, that the fact that the mortgage was for a loan of money with which to discharge a paramount lien did not entitle the mortgagee to be subrogated.

*Held,* also, that, as the will was one of the muniments of the defendant's title, he was bound to take notice of its provisions.

JUDGMENT.—*Error.*—*Practice.*—A general objection to a judgment below will not be available in the Supreme Court to reverse the entire judgment, when an unimportant modification is all that should be made; and in such case the judgment will be affirmed.

From the Tippecanoe Circuit Court.

*J. R. Coffroth, T. A. Stuart, C. E. Lake* and *F. B. Everett,* for appellants.

*R. Jones,* for appellee.

ELLIOTT, C. J.—Appellee was the plaintiff below, and in her complaint alleges that she is the widow and legatee of John Taylor, deceased; that he died August 4th, 1865; that his will was duly admitted to probate; that afterwards an action for partition was instituted by some of the children of deceased; that the land in controversy in this action was set

off to Frederick D. Taylor; that the part set off to him was chargeable with one-seventh of an annuity of $1,500 settled upon the appellee by the will of her husband; that all the property of the testator except that of which partition was made, and that designated as the homestead and devised to the appellee for life, was exhausted in the payment of debts due from the testator; that soon after partition was made Frederick D. Taylor sold all his interest in the homestead, and thereafter mortgaged to the appellant Nash the land in controversy; that Nash foreclosed his mortgage and claims that his lien is superior to the annuity in favor of the appellee charged upon the property by her husband's will; that Frederick D. Taylor is insolvent; that the property is unimproved and yields no income.

We regard the complaint as good. The fact that the decree in partition did not expressly preserve to the appellee the annuity charged upon the land did not destroy her rights. Ordinarily, partition does not create or destroy title. Each of the tenants has the same title that he owned prior to the petition; interests are severed, but new titles are not created. *Utterback* v. *Terhune*, 75 Ind. 363; *Avery* v. *Akins*, 74 Ind. 283. Title may, under our statute, be put in issue, and when this is done a judgment will be conclusive. The complaint before us shows no adjudication upon any question of title; it simply shows a severance of interests by partition.

We can not assent to the argument of counsel that the appellee is estopped to assert a right to the annuity. She has done no act which will work an estoppel, and the decree in partition does not create an estoppel by record. It does not appear that any other question was adjudicated in the partition suit than the right to a severance of the unity of title; and we can not presume that there was an adjudication upon any other.

Where a will constitutes a link in the title through which a grantee or mortgagee claims, he is bound to take notice of the provisions of the instrument. The appellant Nash can not

be heard to say that he was ignorant of the annuity charged upon the land mortgaged to him, for the will charging it con-stituted one of the muniments of his mortgagor's title.

A testator may, unquestionably, charge an annuity upon land devised, and in such a case the devisee takes the land burdened with the charge. Where a devise of land is made with such a burden the devisee can not hold it without con-forming to the requirements of the will.

A charge upon real estate may be made in express terms, or the intention of the testator may be gathered from the entire will taken together. *Lupton* v. *Lupton,* 2 Johns. Ch. 614. It is firmly established that a charge may be implied and requires no particular form of words. *Ripple* v. *Ripple,* 1 Rawle, 386; *Davis's Appeal,* 83 Pa. St. 348; *Gilbert's Appeal,* 85 Pa. St. 347; *Quinby* v. *Frost,* 61 Me. 77; *Heslop* v. *Gatton,* 71 Ill. 528; *Lindsey* v. *Lindsey,* 45 Ind. 552.

Where a testator directs that his legacies and debts shall be first paid, and then devises real estate, a charge is created. *Newman* v. *Johnson,* 1 Vern. 45; *Harris* v. *Ingledew,* 3 P. Will. 91; *Reynolds* v. *Reynolds' Ex'rs,* 16 N. Y. 257; 3 Jarman Wills (5th Am. ed.), 404, and authorities in note.

The first and second items of the will, here the subject of investigation, provide for the payment of debts and funeral expenses, and for the payment of the annuity claimed by the appellee; the third makes a specific bequest of personal prop-erty to her, and the fourth is as follows:

"*Fourth.* I give, devise and bequeath all the rest and resi-due of my real and personal estate and property of every kind and description, after all just claims and demands are paid, I may own or be possessed of at the time of my decease, to my children and their heirs forever, share and share alike. No division or partition of any property or real estate shall be made until all my just debts are paid."

The will brings the case fully within the rule declared by the authorities cited.

Another consideration strengthens the conclusion that the

annuity bequeathed to the appellee was intended by the testator to be a charge upon the land devised to his children, the bequest to her is made in lieu of her rights as a surviving wife; and this, taken in connection with the whole tenor of the will, very plainly implies an intention to create a right in appellee's favor, to the postponement of the other devisees and legatees. We have no doubt that a charge was created upon the land acquired by the appellant's mortgagor under the will of John Taylor.

Where lands are charged a subsequent mortgagee or purchaser takes them subject to the charge. Equity will enforce such a charge upon the lands in the hands of subsequent grantees. 2 Redf. Wills, p. 209, section 7.

It is no doubt true that personal property is the primary fund out of which such an annuity as that claimed by appellee is to be paid, but where, as here, it is exhausted in the payment of the expenses of administration and debts, resort may be had to the real estate.

The second paragraph of the answer is based upon a release executed by the appellee to Charles B. Taylor, wherein it is provided, that the appellee " does forever release and discharge Charles B. Taylor, and all property by him acquired from the estate of John Taylor, deceased, from all further payment of annuity under the will of the decedent." The contention of the learned counsel is, that this release operated as an extinguishment of the entire annuity. The argument is, that such a release is the same in principle as that of one of several joint obligors. We can not assent to this doctrine. There had been a severance of the estate, and Charles B. Taylor's portion was liable only for its proportionate share, and his discharge did not release the other devisees or their property. The burden of the charge apportioned to Charles B. Taylor was one-seventh of the entire annuity, leaving the remaining six-sevenths charged against the six other devisees respectively. In such a case the release of one can not be deemed the release of all. The case is strictly analogous to

that of a mortgage upon interests held in severalty; either of the mortgagors may discharge the mortgage so far as it binds his separate estate, and not disturb the lien upon the other several interests. 2 Jones Mortg., section 981. The release to Charles B. Taylor did not increase appellant's burden, nor did it in any way affect his rights.

The counter-claim filed by Nash alleges that an assessment for a street improvement was duly levied by the corporate authorities of the city of Lafayette; that it was a lien upon the land in controversy; that at the time the assessment was levied Frederick D. Taylor was the owner of the property; that to prevent it from being sold he borrowed the money of appellant Nash to pay the assessment; that he used the money so borrowed in payment of the assessment. The prayer is, that the cross complainant be subrogated to the rights of the contractor in whose favor the assessment was levied, and that the lien of the assessment should be adjudged paramount to the claim of the appellee. We do not think the doctrine of subrogation can be successfully invoked. The appellant loaned money to the owner of the lands; he neither paid nor assumed to pay an encumbrance. In the case of *Muir* v. *Berkshire*, 52 Ind. 149, the claimant paid money which directly operated to discharge a lien, and paid it for the purpose of acquiring title, and it was held that as the sale was void, and no title was acquired, he was entitled to be subrogated to the rights of the mortgagee. The case is entirely unlike the present; here there is nothing more than the loan of money by one neither in privity of blood nor of contract or estate with the person who claims the lien which is sought to be displaced by the lender. There was no colorable obligation on the part of Nash to pay the street assessment, nor did he do so; neither did he intend to pay it, or in any way secure a benefit from it. The case is, therefore, easily discriminated from one in which a party discharges a lien under a colorable obligation, or pays it expecting to derive some benefit from it. We have carefully examined the cases referred to by counsel, but find nothing in

them which will sustain their theory of subrogation. The case of *Bright* v. *Boyd*, 1 Story, 478, is the strongest of those cited by appellant, but it is far from sustaining the contention of counsel. In that case the question was whether an occupying claimant, who in good faith made improvements, was entitled in equity to an allowance for their value. In discussing this question Judge STORY said : " There is still another broad principle of the Roman law, which is applicable to the present case. It is, that where a *bona fide* possessor or purchaser of real estate pays money to discharge any existing encumbrance or charge upon the estate, having no notice of any infirmity in his title, he is entitled to be repaid the amount of such payment by the true owner, seeking to recover the estate from him." It is clear that this doctrine yields appellant no benefit. He is not the purchaser of an estate, paying money in ignorance of defects in his title, to discharge liens which the true owner was bound to pay, but he is the lender of money, taking a mortgage as security for the loan.

It is argued that the counter-claim shows that Frederick D. Taylor fraudulently represented to Nash that the street assessment was the only lien, and by means of this fraud secured the money which discharged the lien of the assessment, and that the appellee should not be allowed to profit by this fraud. We are unable to perceive why the appellee, who was ignorant of all that was done by the appellant and Frederick D. Taylor, who had not deceived appellant nor done anything to induce him to alter his position, should be made the sufferer. The case of *Scholefield* v. *Templer*, Johns. Ch. Eng. 155, is not in point. In that case the person who claimed the benefit of the fraud induced others to change their position by active participation, although he was innocent of any wrong, and was himself deceived. In that case there was the additional element that the person who was complaining of the fraud was asking to be restored to his former position ; while here the attempt is to displace a senior right.

In discussing the pleadings we have disposed of all the

material questions which arise upon the special findings, and we deem it unnecessary to add anything more.

It is provided in the decree of the court, that, upon default in the payment of future instalments, an order shall issue to enforce payment, but that before such order shall be issued "notice must be given by the plaintiff to the defendant Job M. Nash or to one of the attorneys appearing in this cause for the said Nash." It is said that this provision is erroneous because there may be a change of attorneys, and Nash ought not to be bound by notice to those who are not acting in his behalf. It is very doubtful whether the appellant was entitled to any notice at all, and it is also doubtful whether the general exception stated by him is sufficient to present any question; but, however this may be, a reversal should not be adjudged, for even if there was error, it was not of such a material character as to entitle appellant to have the judgment annulled.

Judgment affirmed.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.