Filed Sept. 23, 1890.

———— ◆ ————

No. 14,456.

WATT v. PITTMAN.

PRACTICE.—*Exhibit.*—*When Instrument May be Made.*—*Reference to in Subsequent Paragraphs.*—*Will.*—Where the will is not the foundation of the action, but where it is necessary to give a construction to the will in order to determine the rights of the parties, it is proper to make the will an exhibit. An exhibit once properly referred to and filed may be referred to, without repetition, in all of the paragraphs of the pleading.

SAME.—*Complaint.*—*Defect in.*—*Supreme Court.*—*When Deemed Cured by Amendment.*—*Demurrer.*—Where a defect in a complaint is one that might have been amended in the court below, our code explicitly provides that such defect shall be in the Supreme Court deemed cured by amendment. Uncertainty is not ground for demurrer.

Watt v. Pittman.

WILL.—*Devise of Real Estate.*—*Provision to School and Support Plaintiff.*—*Failure to Carry Out.*—*Action for Damages.*—*Complaint.*—*Issuance of Letters Testamentary.*—*Unnecessary to Aver.*—In an action for damages against a defendant, who was also executor of the will, for failure to carry out a provision of the will, by which certain real estate was devised to him, to support and school the plaintiff, where the complaint alleges that the defendant accepted the devise and took possession of the land, it is unnecessary to allege that letters testamentary were issued. The defendant's liability is not as executor, but it is that of a devisee taking possession of land burdened with a benefit. As he accepted the devise and secured the benefit he must bear the burden.

SAME.—*Testatrix's Ownership of Land Need not be Averred.*—*Complaint.*—The averment in the complaint that the defendant became the owner in fee of the real estate by virtue of the devise, and as such owner acquired possession, fixes his liability, and it was not necessary in order to make a *prima facie* case to aver that the testatrix owned the land at the time of her death.

SAME.—*Acceptance of Devise.*—*Duty Imposed.*—*Demand Unnecessary.*—*Infancy.*—When the defendant accepted the devise and entered into possession of the real estate, it became his duty to support and educate the plaintiff, and no demand was required to make that duty complete or its breach actionable. The plaintiff's minority excused a demand, if, in any event, one was required.

SAME.—*Evidence.*—*Value of Real Estate Devised.*—*Competent to Show.*—It was competent for the plaintiff to prove the value of the real estate acquired by the defendant under the will, as it tended to show the character of the support and education the testatrix reasonably expected should be given her child, as well as the extent and character of the duty assumed by the defendant when he accepted the devise.

From the Clark Circuit Court.

*J. K. Marsh* and *W. H. Watson*, for appellant.

*L. A. Douglass* and *J. W. Powell*, for appellee.

ELLIOTT, J.—The first paragraph of the appellee's complaint alleges that Mary E. Watt made a will; that it was duly admitted to probate, and that a copy is filed with the complaint as an exhibit. Item second of the will reads thus: " I give and devise all my real estate to James Watt, to support and school my daughter Clara Ann," and item four nominates Watt as executor of the will. It is also alleged in the complaint that Watt, the appellant, took pos-

session of the real estate of which the testator died seized, and that he accepted the devise. It is still further alleged that the appellee, designated as Clara Ann, was the daughter of the testator, and that at the time the appellant accepted the devise she was only six years of age ; that the appellant failed to support and maintain her, and compelled her to support herself by working for him and others ; that he took and appropriated her earnings, and that he failed to educate her, although she was at all times ready and willing to receive an education ; the public schools were conveniently located near the home of the appellant. The second paragraph is substantially the same as the first.

The first and second paragraphs of the complaint are regarded by us as good, although they are not as certain and definite, in some respects, as the rules of pleading require.

Where an instrument is not the foundation of an action it is, as a general rule, censurable practice to encumber the record by making it an exhibit, and in such a case the complaint acquires no strength from the instrument so pleaded. But there are cases where it is not improper to make an instrument an exhibit, although it is not, in a strict sense, the foundation of the action. Where, for instance, it is necessary to give a construction to a will in order to determine the rights of the parties, it is proper to make the will an exhibit. *McMahan* v. *Newcomer*, 82 Ind. 565 ; *Schori* v. *Stephens*, 62 Ind. 441 ; *Copeland* v. *Copeland*, 10 Ind. 341. It is clear that this is the true rule, since it is well settled that all of the provisions of the will must be construed together, and this can not be done unless the whole instrument is appropriately presented to the court. To hold that where the whole instrument must be presented to the court it must be set forth in the body of the complaint would be to sacrifice substance to form, and not only would this vicious result follow, but it would also follow that where there are several paragraphs of a complaint such a rule would uselessly enlarge the record, since one paragraph can not be aided by reference, as

each must be complete in itself; whereas an exhibit once properly referred to and filed, may be referred to, without repetition, in all of the paragraphs of the pleading.  *Hoch- stedler* v. *Hochstedler,* 108 Ind. 506; *Grubbs* v. *Morris,* 103 Ind. 166.

The case before us requires a construction of the will, and is within the rule to which we have referred.  The rule is one which carries its own commendation, and it is in harmony with the spirit and object of our code of civil procedure.  It is, too, in harmony with the rule of the courts of chancery, and we can conceive no valid reason for overthrowing it.

It is true that the death of Mary E. Watt is not averred with that certainty which the rules of pleading require, but it is shown that the will was admitted to probate, that the appellant, under the will, became entitled to the land as the owner in fee, and that he accepted and took possession as such owner.  Uncertainty is not ground for demurrer, and all that can justly be said upon this point is that the complaint is vague and uncertain.  It is, at all events, perfectly clear that the defect is one that might have been amended in the court below, and our code explicitly provides that such defects shall be here deemed cured by amendment.

It was unnecessary to set out the proof of the will or the proceedings admitting it to probate.

As the complaint avers, and the demurrer admits, that the appellant accepted the devise and took possession of the land, it was unnecessary to allege that letters testamentary were issued.  The appellant's liability is not as executor, but it is that of a devisee taking possession of land burdened with a charge.  As he accepted the devise and secured the benefit he must bear the burden.  *Lofton* v. *Moore,* 83 Ind. 112; *Nash* v. *Taylor,* 83 Ind. 347; *Porter* v. *Jackson,* 95 Ind. 210.

The averment that the appellant became the owner in fee by virtue of the devise, and, as such owner, acquired possession, fixes his liability, and it was not necessary in order

to make a *prima facie* case to aver that the testatrix owned the land at the time of her death.

The appellee's minority excused a demand, if, in any event, one was required. It comes with an ill grace from the recipient of a mother's generous bounty, to assert that a child of tender years, for whom the mother attempted to secure support and education, shall be deprived of what the mother sought to provide because the child made no demand. We think, however, that no demand would have been required, even if the appellee had been of full age, for when the appellant accepted the devise and entered into possession it became his duty to support and educate the appellee, and no demand was required to make that duty complete or its breach actionable.

There was no error in permitting the appellee to prove the value of the real estate acquired by the appellant under the will. The evidence was competent, because it tended to show the character of the support and education the testatrix reasonably expected should be given her child, as well as the character and extent of the duty assumed by the appellant when he accepted the devise.

The evidence fully supports the verdict.

The damages awarded the appellee—one hundred and fifty dollars—are not excessive; on the contrary, they are less than the evidence and the law entitled her to recover.

Judgment affirmed, with ten per centum damages.

Filed Sept. 24, 1890.