## CLARK *v.* MARLOW ET AL.

[No. 18,260.    Filed November 23, 1897.]

WILLS.—*Construction.*—*Support and Maintenance of Beneficiary.*— Where by the terms of a will all of the income and rents of certain real estate therein devised are reserved for the support of a person named, and the executor is given the power to sell certain portions of such estate and apply the proceeds thereof to his support, at the death of such beneficiary a claim for his support, maintenance and funeral expenses is a charge and lien on the real estate so devised. *pp. 41-43,*

COMPLAINT.—*Wills.*—*Support and Maintenance.*—*Demand.*—A complaint seeking a judgment for the support and maintenance and funeral expenses of a person against real estate devised, charged with the support of such person, need not allege a demand of defendants for such claim, nor a demand by decedent during his lifetime for the expenses of his support. *pp. 43, 44*

WILLS.—*Support and Maintenance.*—*Subrogation.*—Where by the terms of a will the support and maintenance of a person named is made a charge against real estate therein devised, at the death of such beneficiary one holding a claim for his support and maintenance and for funeral expenses may be subrogated to his rights under the will. *pp, 44-46.*

From the Decatur Circuit Court. *Reversed.*

*J. K. Ewing, J. D. Wallingford* and *C. H. Ewing,* for appellant.

*B. F. Bennett* and *Thomas E. Davidson,* for appellees.

McCABE, J.—The appellant sued the appellees to recover a judgment for $457.00, and to enforce a lien upon real estate to pay such judgment. The circuit court sustained a demurrer to the complaint for want of sufficient facts to constitute a cause of action, and, the plaintiff declining to amend or plead further, the trial court rendered judgment that plaintiff take nothing by her suit. The ruling upon the demurrer is assigned as the only error complained of.

The substance of the complaint is that the defend-

ants, Lillie May Marlow and Lizzie Marlow, are the owners in fee simple of the following real estate, in Decatur county, namely, lots 44, 45, 46, 47, 48, and 49 in the original plat of the town of Adams, Indiana; also fifteen acres of land in the northeast corner of the farm of which Lucinda Chambers died seized, which lies between the road and Clifty Creek, described as the fifteen-acre tract excepted in the will of Lucinda Chambers, deceased, from the following tract devised by her, viz.: Beginning, etc., describing the same by metes and bounds. That Lucinda Chambers, by her last will, executed on January 20, 1891, and afterwards admitted to probate, devised said real estate in fee simple to the defendants, Lillie and Lizzie Marlow, charged with the support, maintenance, and burial expenses of one George W. Marlow, their uncle. That the estate of said Lucinda Chambers has been finally settled. That said defendants, Lillie and Lizzie, have accepted said legacy in person, and by their guardian. That said George W. Marlow died without leaving any estate, real or personal, and has no administrator or effects to administer upon. That at the time of his death said George W. was indebted to her in the sum of $450.00 for ninety weeks board, including last sickness, furnished at the instance and request of said George W., who was then destitute, and in absolute want, a bill of particulars of which board is filed herewith and made a part of said complaint, marked "Exhibit A," together with $7.00 for funeral carriages and for shaving him. That by the terms of the will of said Lucinda Chambers, said board, nursing, and funeral expenses are made a charge upon said real estate by item three of said will, which reads as follows: "I give and devise to my executor, hereinafter mentioned, during the lifetime of my brother, George W. Marlow, fifteen acres of land,"

which is then described as it is in the complaint; "and also my residence property in which I now live, during the like period, and I direct that my executor pay to my brother, George W. Marlow, all the income and rents derived from the above described real estate for his support and maintenance, and, if necessary for his complete support, he may sell the Adams property and appropriate the entire proceeds of the sale to his support; and at the death of said George W. Marlow, I give and devise the remainder of the fifteen acres above mentioned to my nieces, Lillie May Marlow and Lizzie Marlow, and I also give, bequeath, and devise to said Lillie May and Lizzie Marlow, at the death of said George W. Marlow, the remainder of the Adams residence property above mentioned, if it remain unsold at the death of said George W. Marlow; and, if it shall have been sold, as to any proceeds remaining after his support has been provided for, and his funeral expenses paid, I direct my executor to pay such balance so remaining to the said Lillie May and Lizzie Marlow." That the sum of $457.00 is justly due her for the support, maintenance, and burial expenses of the said George W. Marlow, which remains wholly unpaid. Prayer for judgment for $500.00, and that the same be declared a lien upon said real estate.

It is very clear, from the previous decisions of this court, that the complaint is sufficient to show that the will made the support, maintenance, and funeral expenses of George W. Marlow a charge and a lien upon the real estate devised. *Nash* v. *Taylor*, 83 Ind. 347, and cases there cited; *Davidson* v. *Coon*, 125 Ind. 497, and cases there cited.

It is first contended by the appellees' learned counsel, that the complaint is insufficient because it alleges no demand upon the defendants to pay the claim sued for, nor any demand by the decedent in his lifetime for

the support, etc., furnished. In just such a case, it has been held, that no demand is necessary. *Watt* v. *Pittman*, 125 Ind. 168. It was there said, on page 172, that: "When the appellant accepted the devise and entered into possession it became his duty to support and educate the appellee, and no demand was required to make that duty complete or its breach actionable."

The principal question involved is whether the appellant, the plaintiff, can be subrogated to the rights of George W. Marlow, deceased, under the terms of the will. It is, in effect, insisted by the appellees, in support of the ruling complained of, that appellant cannot be so subrogated unless George W. Marlow demanded a support from the executor of the Chambers will, and a sale of the real estate by him charged, in order to furnish such support, and that the executor refused to furnish such support or make such sale. But we have seen no such demand was necessary during the continuance in office of the executor, and certainly none was necessary after his discharge. And we have also seen that no such demand would be necessary on the appellees, the beneficiaries in the devise, even if they were adults, and surely no such demand on them could be required on account of their infancy. Counsel for the appellees cite only two cases in support of the ruling below, that the appellant can not be subrogated to the rights of George W. Marlow in his lifetime, namely: *Huffmond* v. *Bence, Admr.*, 128 Ind. 131, and *Halstead* v. *Westervelt*, 41 N. J. Eq. 100, 3 Atl. 270.

We have examined the cases, and find our own case not only does not support the contention that appellant cannot be subrogated, but that it is an authority that she can be subrogated to the rights held by George W. Marlow in his lifetime. In that case it appears that Rudisill and wife conveyed to their

daughter, Surrilda Huffmond, certain real estate in consideration of her having boarded, nursed, waited upon, and taken care of said Rudisill and wife during the two years before, and the further consideration that she agreed to continue to board, nurse, and take proper care of her father and mother during their natural lives, the said grantors, reserving to each the possession and control of said real estate during their natural lives. Rudisill died intestate. A claim of $100.00 in favor of Bence was filed against the administrator of Rudisill for medical services rendered by him to said Rudisill, which were necessary for the comfort and well-being of said Rudisill, making Mrs. Huffmond and her husband defendants, and stating the following further facts, in addition to those above set out: That said Rudisill held possession of said real estate until his death, when his daughter, Mrs. Huffmond, took possession thereof, and has ever since held possession. That decedent requested his daughter to employ a physician, and she refused to do so, and thereupon he called upon and employed the claimant Bence; that said services so rendered by Bence were necessary to the proper nursing and taking care of said Rudisill, as Mrs. Huffmond had contracted to do; that when said services were so rendered, and at the date of the death of the said Rudisill, he had no other property than that conveyed as aforesaid; and said claimant asks that he have judgment against the estate and Surrilda Huffmond for the amount of his claim, and that the same be declared a lien upon all of said real estate so conveyed to and now owned by Mrs. Huffmond, and that the same be subjected to sale for the payment of said claim. The trial court in that case overruled a demurrer to said complaint, and this court held that there was no error in said ruling. In passing upon that ruling this court

said: "The decedent having the right to call upon claimant to render the services contracted to be performed by the appellant, and which she failed to render, and having a right to collect from her the amount necessarily paid out, and having a lien declared; the appellee, Bence, having performed the services at the request of the decedent, the value of which the decedent had a right to recover, and had a lien securing the same,—the appellee, Bence, has the right in equity to be substituted to the rights of the estate." See the cases there cited.

The New Jersey case is not a very clearly reported one, but, even if it should be against the doctrine laid down in our own case, so long as that case stands and is not overruled, we are required to follow it. Our conclusion, therefore, must be that the complaint stated a good cause of action, and that the trial court erred in sustaining the demurrer thereto. The judgment is reversed, and the cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.