ELLIS L. PIERSON, trustee, &c.,

v.

HANNAH W. PHILLIPS et al.

[Submitted April 7th, 1915.   Determined September 29th, 1915.]

1. Where, from a time prior to the death of a trustee charged by the trust instrument with the duty of paying the interest of a fund for the support of the trustor's daughters, a brother of such daughters made payments for their support from a sense of duty as a brother, and without reference to the trust, such brother could have no decree of subrogation in his behalf against what remained of the original trust fund in the hands of the trustee's heirs.

2. Where trust funds can be traced into any real or personal property of which the original trustee died seized or possessed, a trust will be impressed upon such assets of the deceased trustee and enforced as a lien against them, except as against superior rights of *bona fide* purchasers.

3. Where trust property cannot be identified either in its original or a substituted form in the hands of heirs of the original trustee after his death, a court of chancery can afford the beneficiary no relief by enforcing a lien upon the property as trust property; the sole remedy of the *cestui* in such case being that of a creditor, not administered in chancery.

On final hearing on bill to impress a trust on property and for an accounting.

*Mr. Henry D. Phillips,* for the complainant.

*Mr. Linton Satterthwaite,* for the defendants.

LEAMING, V. C.

By the bill filed herein complainant, who is a substituted trustee, seeks to impress a lien in favor of the trust upon certain property of which the original trustee died possessed, and also to enforce against the heirs of the deceased trustee an obliga-

tion to discharge the trust, the asserted obligation arising from their enjoyment of the property of the deceased trustee.

By a cross-bill filed by Theodore F. Phillips it is sought to establish his right to be subrogated to any interests of the *cestuis que trust* in the trust funds.

April 1st, 1866, Henry D. Phillips, Sr., delivered to John F. Phillips, his son, $4,000 in trust. The trust was on that date declared by the trustee, in writing, as follows:

"LAWRENCE, April 1st, 1866.

"This is to certify that I have received from Henry D. Phillips, Senior, Four Thousand Dollars of lawful money which I am to hold in trust as principal, the annual interest of which at the rate of six per cent. per annum is to be paid to Juliet A. Titus for the keep and support of Maria M. Phillips.

"The conditions of this article are such that if through sickness or any extra expense the annual interest of the above amount the above rate is not sufficient to pay the expenses of the support of the above Maria M. Phillips, then she has the privilege of drawing on the principal to make up the deficiency. Also, whatever amount is left of the above sum after decease of said Maria M. Phillips is to be divided equally between Juliet A. Titus and Margaret Bush, or to their heirs.

"(Signed)　JOHN F. PHILLIPS."

Maria, named in the declaration of trust, was a mentally deficient daughter of the trustor; Juliet A. Titus and Margaret Bush, therein named, were also daughters of trustor.

John F. Phillips, the trustee, pursuant to the trust, paid to Juliet A. Titus the annual interest referred to in the declaration of trust until December, 1893. No payments appear to have been made by the trustee subsequent to that date, and no part of the principal fund appears to have at any time been paid by the trustee.

The trustee died intestate March 14th, 1895. No administrator of his estate has been appointed. His personal estate was sold after his decease under execution; his real estate, heavily encumbered, has since his decease been enjoyed by his widow and some of his heirs-at-law, and is still in their possession.

Complainant herein has recently been appointed substituted trustee of John F. Phillips and has filed the present bill to enforce his trust in manner above stated.

The widow of the original trustee and his heirs have answered. By the cross-bill filed by Theodore F. Phillips, a brother of the original trustee, it is claimed that he has wholly discharged the trust by paying to Juliet A. Titus, for the support of Maria M. Phillips, monthly payments from a time prior to the death of the original trustee; his claim is that these monthly payments, and some · other payments made by him, have discharged, not only the annual payments called for by the trust, but also the principal, as authorized by the declaration of trust.

His prayer is to be subrogated to any rights which may now exist in favor of the *cestuis que trust.*

I am satisfied that the claim of cross-complainant to the right of subrogation, by reason of the payments which he claims to have made, cannot be sustained. The evidence fully establishes the fact that all payments which have been made by him have been payments which he has made from a sense of duty as a brother, and in no sense with reference to the trust; indeed, it may well be doubted whether he knew that an undischarged trust existed. His payments were purely voluntary payments to his sisters, and were made as gifts to them, and in no way by reason of or with reference to any trust. In these circumstances there can be no decree of subrogation in his behalf.

But I am, nevertheless, unable to reach the conclusion that complainant can obtain relief under his bill.

The $4,000 which constituted the original trust fund came to the hands of the original trustee in the year 1866. If this money could be traced into any real or personal estate of which the original trustee died seized or possessed a trust would be impressed upon such assets of the deceased trustee and by this court enforced as a lien against such assets, except as against superior rights of *bona fide* purchasers. But the evidence has not traced the trust funds into any specific property. What actually became of the trust funds is not known, and it is impossible in such circumstances to determine that the money was in or formed a part of any asset of intestate's estate in the absence of any evidence to that effect. Where the trust property cannot be identified either in its original or a substituted form, this court can afford no relief of the nature here sought; in such

case the remedy of the *cestui que trust* is that of a creditor and is administered elsewhere. The following adjudicated cases of this state fully exemplify the views herein expressed: *Ellicott* v. *Kuhl, 60 N. J. Eq. 333; Collins* v. *Lewis, 60 N. J. Eq. 488, 491; Heinisch* v. *Pennington, 73 N. J. Eq. 456, 463; Harrison* v. *Fleischman, 70 N. J. Eq. 301, 303; Smith* v. *Combs, 49 N. J. Eq. 420, 423.*

I will advise a decree dismissing the bill and cross-bill.