## ZOELLERS ET AL. *v.* LOI, ADMINISTRATOR.

[No. 9,644.  Filed November 1, 1918.]

1. PLEADING.—*Complaint.—Demurrer.—Overruling.—Effect.*—In an action for a personal judgment and to have declared and enforced a vendor's lien, a demurrer was properly overruled, even though allegations seeking to establish the lien may have been insufficient, where the complaint disclosed that plaintiff was entitled to personal judgment. p. 397.

2. EXECUTORS AND ADMINISTRATORS.—*Contract to Support Decedent. — Breach. — Recovery by Administrator. — Scope.* — Where decedent conveyed a farm to his daughter for the sole consideration that she would care for and support him and at his decease afford him suitable burial, and she violated the agreement, so that a son was required to support decedent, the administrator of the latter's estate could recover a personal judgment against the daughter for the value of services rendered, and enforce his judgment by means of an equitable lien on the land. p. 397.

3. APPEAL.—*Review.—Evidence.—Insufficiency.—Necessity for New Trial.*—In an action to recover for support, care and services rendered decedent, where the evidence showed that certain services were rendered by a son for which he was entitled to recover but there was no proof as to the value thereof, so that the judgment for plaintiff was too large, the case should be remanded for a new trial rather than that a remittitur be ordered for the items not sustained by the evidence. p. 399.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Frank Loi, administrator of the estate of Adam Loi, deceased, against Elizabeth Zoellers and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Alexander Dowling,* for appellants.
*Zenor & McIntyre* and *Jewett, Bulleit & Jewett,* for appellee.

CALDWELL, C. J.—Appellant Elizabeth Zoellers and Frank Loi, appellee, are sister and brother. The

latter is administrator of the estate of Adam Loi, their father. Appellant John Zoellers was named as a defendant, and also joins in the appeal, by reason of being the husband of Elizabeth. Elizabeth assigns error on the overruling of the demurrer to the complaint. The complaint alleges in substance that on April 28, 1908, Adam Loi, an aged and infirm widower, was the owner of a forty-acre farm in Floyd county, of the value of $1,500; on that day he conveyed the farm to Elizabeth, the sole consideration as recited in the deed being her promise that she would care for and support her father in sickness and in health, and afford him suitable burial at his decease; that she accepted the conveyance, took possession of the farm and yet retains it; that she violated her agreement, and as a consequence such care and support and such interment were furnished and provided by others, whereby Adam Loi's estate is indebted as follows: To Dr. Leuthart, for medical attendance, $20; to Frank Loi, who as administrator is appellee, $209.75, based on board, care and nursing furnished by him, $174, and the payment by him of certain debts contracted by decedent for barber and laundry service, and clothing and medicines bought, $35.75; to Frank Kraft, funeral director, burial expenses, $92, a total of $321.75; that the claims of the doctor and the funeral director have been filed against the estate and allowed; that Frank's claim has been filed but, although valid, has not been allowed, for the reason that under the statute it may be allowed only by the court on proof; that under the facts Elizabeth is indebted to the estate in the sum of $321.75; that decedent left no estate (aside from the claim involved in this action), except

personal property not exceeding $50 in value; that, in addition to such farm, Elizabeth has no property, and that she is insolvent; that by reason of the facts there exists in favor of the estate a vendor's lien against the land. Prayer for judgment in the amount that Elizabeth is indebted to the estate, and that a lien be declared and enforced.

Appellants contend that the complaint in theory proceeds to the end that a vendor's lien may be declared and enforced against the farm; that it

1. is not sufficient on that theory or in its relation to any such lien, and that as a consequence the court erred in its ruling on the demurrer. Under our system of procedure, if the complaint discloses that the plaintiff is entitled to a personal judgment on the claim which he seeks to establish, the ruling on the demurrer was correct, regardless of its sufficiency in its relation to the alleged lien. *Miller* v. *Gates* (1916), 62 Ind. App. 37, 112 N. E. 538, and cases; *Howe* v. *Dibble* (1873), 45 Ind. 120.

We are of the opinion that the complaint states a cause of action not only for the recovery of a personal judgment against appellant Elizabeth,

2. but also for the enforcing of an equitable lien against the farm in the amount of such judgment and against both appellants. By reason of Elizabeth's failure to perform her agreement, it became necessary for her father to, and he did, incur indebtedness as alleged, and other indebtedness arose against his estate based on funeral expenses. We know of no good reason why the father in his lifetime might not have recovered from Elizabeth the reasonable amount of the indebtedness which he incurred by reason of her failure to perform her

agreement, or why the administrator of his estate may not likewise recover, including, also, the reasonable funeral charges. The persons who performed the services and furnished the supplies and necessaries which Elizabeth should have performed and furnished will, of course, by reason of their claims against the estate, be the ultimate beneficiaries of any such recovery. They are entitled to proceed against the estate to recover such claims, but any such procedure on their part would be empty of results by reason of the estate's insolvency. Such fact would be sufficient in equity to authorize them to enforce their claims by proceeding against Elizabeth by reason of her obligation to the estate. Such a procedure, by reason of her alleged insolvency, would be of doubtful results. For each of them so to proceed would, moreover, result in multiplicity of actions. Elizabeth's obligation arose from a transaction wherein she procured the farm by virtue of assuming the obligation. The administrator is proceeding to create a fund to discharge debts of the estate for the payment of which Elizabeth, in equity, is primarily liable. Under such circumstances we conclude that, in view of the allegations of the complaint, the administrator, in behalf of the creditors, is entitled to proceed against Elizabeth to recover a personal judgment, and to have declared and enforced against the farm an equitable lien in the amount of such judgment. It follows that the court did not err in overruling the demurrer to the complaint. See the following: *Huffmond* v. *Bence, Admr.* (1891), 128 Ind. 131, 27 N. E. 347; *Clark* v. *Marlow* (1897), 149 Ind. 41, 48 N. E. 359; *Hamilton* v. *Barricklow* (1884), 96 Ind. 398; *Abbott* v. *Sanders* (1907),

80 Vt. 179, 66 Atl. 1032, 13 L. R. A. (N. S.) 725, and note, 12 Ann. Cas. 898; 37 Cyc 466, 467.

A trial of the cause resulted in a finding and judgment in appellee's favor for $321.75 and in a decree declaring and ordering enforced a lien against the farm. Appellants are correct in their contention that the amount of the recovery is too large. This results from the insufficiency of the evidence to sustain certain items of the claim sued on. Under the rule that governs in this court, the evidence is sufficient to sustain the decision so far as based on services performed by Dr. Leuthart, and by the funeral director, being $20 and $92 respectively, and also sums paid by Frank Loi for barber and laundry work, and medicines bought, aggregating $35.50, or a total of $147.50. There was evidence also that Frank Loi cared for decedent in the way of furnishing him board and care and attention when sick, and also certain clothing, but no evidence on the subject of the value of such service or of articles so furnished. It may be said also that there was an absence of evidence respecting the financial condition of the estate and also respecting Elizabeth's financial condition. As to the sufficiency of the evidence in other respects, we express no opinion. Under the circumstances, we conclude that justice demands a new trial rather than a remittitur. Other questions presented are not considered or decided.

Judgment reversed, with instructions to sustain the motion for a new trial as to each appellant, and for other proceedings not inconsistent with this opinion.

NOTE.—Reported in 120 N. E. 623.