## HENRY v. KNIGHT.

[No. 9,702. Filed March 26, 1919. Rehearing denied June 18, 1919. Transfer denied January 5, 1921.]

1. SUBROGATION.—*Support and Maintenance.*—*Demand Against Person Obligated.*—Where a son, in consideration of his mother's conveyance, agreed to support a feeble-minded sister, but failed to do so, and a niece cared for and sheltered such dependent, no demand was necessary to mature the claim of the niece against her uncle for clothing, food and services so furnished. pp. 565, 566.

2. SUBROGATION.—*Rights of Subrogee.*—Subrogation passes all the rights of the creditor to the subrogee, who is entitled to the benefit of all the remedies of the creditor, and may use all the means which the creditor could use to enforce payment. p. 566.

3. SUGROGATION.—*Support of Insane Person.*—*Right of Subrogation.*—Where a son, in consideration of his mother's conveyance of a farm, agreed to care for and support an imbecile sister, but failed to do so, and caused her to be confined in a county poor asylum, the daughter of another sister, who furnished such dependent with necessary support, acquired the right of subrogation in her dependent aunt's right against such grantee son, which was as effective for her protection as if the aunt had been of sound mind and had requested such support. pp. 566, 568.

4. INSANE PERSONS.—*Liability for Necessaries.*—Persons incapable of making contracts generally may, nevertheless, be charged with necessaries. p. 568.

5. WORK AND LABOR.—*Family Relationship.*—*Presumption.*—The presumption that an aunt lived with her niece in a family relation could not be indulged in, where the aunt was aged, imbecile, deformed and demented, so that it could not be rightfully assumed that mutual services were to be rendered. p. 568.

6. SUBROGATION.—*Furnishing Support to Relative.*—*Right to Subrogation of Claim.*—*Moral Compulsion.*—Where a mother

conveyed a farm to a son under an agreement that he would care for and support his imbecile sister, and he not only failed to do so, but subjected her to cruel and brutal treatment, and subsequently placed her in the county poor asylum, the daughter of another sister, in discharging her moral obligation to care for and support her imbecile aunt, acted under a form of compulsion recognized by equity and acceptable as a basis for the right of subrogation against grantee's son.  p. 569.

7. SUBROGATION.—*Furnishing Support.*—*Place.*—*Right to Subrogation of Claim.*—Where a mother conveyed a farm to a son under an agreement that he would care for and support. an imbecile sister, and, on his failure to so do, the dependent was furnished with care and shelter by a niece, the son cannot, in an action against him by the niece to recover for the support so furnished, complain that the niece furnished the support at a place different from that specified in his deed from his mother, thus to escape liability to his niece on the theory of subrogation.  p. 570.

8. APPEAL.—*Limitation of Evidence.*—*Presumption.*—In the absence of a showing to the contrary, it will be presumed that the court properly limited the scope of the evidence as to the amount due plaintiff, and fully instructed the jury in that regard.  p. 571.

9. PLEADINGS. — *Sufficiency.* — *Construction on Appeal.* — The court on appeal, in determining the sufficiency of the complaint, must limit its consideration to the facts alleged, including such reasonable inferences as may be properly drawn therefrom.  p. 571.

From Harrison Circuit Court; *William Ridley,* Judge.

Action by Emma Knight against Jacob Henry. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Sam P. Vogt* and *C. W. Cook,* for appellant.

*R. S. Kirkham, Clyde R. Lottick* and *Lew M. O'Bannon,* for appellee.

BATMAN, P. J.—This is an action by appellee against appellant to recover a personal judgment, and to have the amount thereof decreed to be a lien on certain real estate. The complaint is in two paragraphs. Appellant filed a demurrer to each paragraph thereof, which was overruled. After issues were joined, the cause was

submitted to a jury for trial, resulting in a verdict in favor of appellee, on which a personal judgment was rendered against appellant, and from which he prosecutes this appeal. The action of the court in overruling the demurrer to each paragraph of the complaint is the only error assigned.

The first paragraph of the complaint alleges in substance, among other things, that in the year 1883 one Margaret Henry owned a certain farm of seventy-two acres in Harrison county, Indiana, on which she lived with her family, which consisted in part of two demented children, Charles and Margaret; that in the month of April of said year she executed a deed of conveyance for said farm to her son Jacob, the appellant herein, for the sole consideration, as therein expressed, that the grantee should support the grantor and her two imbecile children, Margaret and Charles, in a manner suited to their condition in life, which should include suitable food and clothing and lodging on said premises as long as they should live, and should give each a suitable burial; that said conveyance was accepted by appellant, who took charge of the premises, and has ever since remained in possession thereof, receiving all the profits arising therefrom; that appellant has failed, neglected and refused to carry out his said agreement to support his said sister Margaret, or to perform any of the conditions contained in said deed; that the mother of appellant, the grantor in said deed, subsequently died, and thereafter appellant entered upon a relentless course of cruel and brutal treatment of said Margaret and Charles, by whipping and beating them, and in failing and refusing to provide them with suitable clothing, proper food, and otherwise to care for them; that, with a view of relieving himself of the burden of supporting and caring for said children, he took them to the poor asylum of Harrison county, within three weeks after

the death of their mother, and kept them there for about seven years, except at short intervals, during one of which he took them to New Albany, Indiana, and left them on the steps of the St. Edwards Hospital, where they were afterwards found by the sisters in charge thereof in a chilled and starved condition; that Charles subsequently died in the poor asylum of said Harrison county; that appellant continued to keep Margaret therein until she was taken therefrom by appellee; that appellee is a niece of appellant and of said Margaret, her mother being their sister; that she and her mother reside together in the city of Louisville, Kentucky, and, having heard of the treatment which her aunt, Margaret, was receiving at the hands of appellant, she took charge of her on November 1, 1910, had her moved from said poor asylum to her home in Louisville, where she has kept her ever since, and furnished her with clothing, food and shelter; that said Margaret is physically deformed and mentally defective, and requires the constant care and attention of some one; that she has given her such care and attention as one in her condition needs for 234 weeks; that such services are well worth $5 per week, which is due and unpaid. Prayer for a judgment of $1,170, and that the same be decreed a lien on said real estate.

The second paragraph of the complaint is substantially the same in effect as the first, but briefer in form. It alleges that said Margaret is now seventy-seven years of age, and seeks to recover, in addition to her present account, compensation for supporting and caring for her during her expectancy of life.

Appellant's first contention is based on the fact that neither paragraph of the complaint alleges a demand for payment before suit. In the case of *Watt*

1.  v. *Pittman* (1890), 125 Ind. 168, 25 N. E. 191, it was held that no demand is necessary, where the

beneficiary under a will providing for her support brought suit against one charged with furnishing the same for a failure to discharge his obligation in that regard. It was subsequently held in a case where the action was by one who had furnished the support, which another was under obligations to furnish, and was seeking to be subrogated to the rights of the one entitled to such support, that a demand was not necessary. *Clark v. Marlow* (1897), 149 Ind. 41, 48 N. E. 359. This would appear to be decisive against appellant's contention. Nevertheless he contends that the latter case must not have been well considered, as it is based solely on the former case, which does not support it. He bases this contention on the fact that in the former case the action was by the beneficiary herself, while in the latter, as in the instant case, the action was by one seeking to be subrogated to the rights of the beneficiary. In our opinion the difference suggested is not material. It is well settled that subrogation passes all the rights of the creditor to the subrogee. He is entitled to the benefit of all the remedies of the creditor, and may use all the means which the creditor could use to enforce payment. In other words, he stands in the shoes of the creditor. 37 Cyc 380.

In view of this well-settled principle, we can see no sufficient reason why the difference suggested by appellant would require a demand by a subrogee before bringing suit, where none is required of the original beneficiary. We conclude that appellant's contention in this regard is not well taken.

Appellant contends that each paragraph of the complaint shows that appellee is an entire stranger to the contract in question; that she is an interloper, a mere volunteer, without equity in her favor, and hence has no right of subrogation. Appellee does not base her right of recovery on the ground that

she was a party to such contract. She does assert, however, that each paragraph of the complaint shows that she was neither an interloper nor a volunteer, and that she has a valid claim against appellant, enforceable in equity through her right of subrogation. It will be observed that each paragraph of the complaint alleges facts which show that appellant had assumed a legal obligation to support his imbecile sister; that he had broken the contract creating such obligation, and in utter disregard thereof had cast her upon public charity; that appellee had discharged this obligation for appellant for a number of years, and that she had never been compensated for so doing. It is clear, under the decisions of this state, that if said paragraphs had contained additional allegations which showed that appellant's said sister was a person of sound mind, and had requested appellee to furnish the support for which it is alleged that appellant is liable, they would have been sufficient to withstand a demurrer. *Huffmond* v. *Bence* (1891), 128 Ind. 131, 27 N. E. 347; *Clark* v. *Marlow,* *supra.* The question arises as to the sufficiency of said paragraphs in the absence of such additional allegations. The only effect of such allegations in actions of this kind is to show that an implied contract existed for the payment of the claim in suit, and to remove the presumption, which might otherwise exist, that the person furnishing such support was a volunteer in so doing. In the instant case it is alleged in each paragraph of the complaint, in effect, that appellant's said sister was a person of unsound mind. It will therefore be presumed that she was incapable of making a request upon which an implied contract could be based, as in the cases cited *supra.* But it may be reasonably inferred from the allegations of each paragraph of the complaint that, barring the acts of public charity, appellant's imbecile sister, Margaret, was greatly in need of the support

which the appellee gave her for the sustenance of life. The food, clothing, shelter and care which evidently entered into such support were necessaries under these circumstances, and the one furnishing them was entitled to compensation therefor, under the well-settled principle that persons incapable of making contracts generally may, nevertheless, be charged with necessaries. 37 Cyc 467; *Combs* v. *Beatty* (1868), 66 Ky. (3 Bush) 613; 3 Pomeroy, Eq. Jurisp. (3d ed.) §1300. Under these circumstances appellee acquired a right of subrogation, which was as effective for her protection as if the said Margaret had been of sound mind and made a request for such support, and appellee was thereby clearly brought within the principle involved in the *Huffmond* v. *Bence* and *Clark* v. *Marlow* cases, *supra*. But appellant attempts to draw a distinction between said cases and the one under consideration, by citing the fact that in the former case it was alleged that the beneficiary was in urgent need of surgical relief, and in the latter case that the beneficiary was destitute and in absolute want, while in the instant case no facts are alleged which show that any such emergency existed. Surely facts which show that an imbecile has been deprived of the support which had been provided by her mother, cast upon public charity, without the ability to acquire the necessaries of life, or assert her rights, are sufficient to show destitution, absolute want, and an emergency requiring relief.

It cannot be successfully urged, under the facts alleged, that it will be presumed that the existence of a family relation was established and maintained between appellee and her said aunt, after the removal of the latter from the poor asylum to the home of the former in Kentucky. Such presumption can only be properly indulged, where the parties

live together under such circumstances that it may be rightfully assumed that mutual services are to be rendered, and not when the circumstances of the parties are such as to preclude such an assumption, or clearly to show that one of the parties is incapable of performing any of the reciprocal duties arising out of the family relation. *Key* v. *Harris* (1905), 116 Tenn. 161, 8 Ann. Cas. 200. It is alleged in the first paragraph of the complaint that the said Margaret was an imbecile, deformed and demented, and required constant care and attention. The second paragraph shows that she was seventy-seven years of age and an imbecile. These facts clearly show that she was a burden on the labor and resources of appellee, and preclude the presumption of voluntary service because of family relationship. Moreover, they lead to a conclusion that appellee assumed the burden of supporting her unfortunate aunt, under a form of moral compulsion, arising from a sense of duty, which was not only highly commendable, but wholly consistent with an intention to exact payment therefor from the one whose obligations she had discharged.

Appellee is not subject to the charge of being a volunteer in furnishing the support in question, under the allegations of the complaint, on still another 6. ground. The first paragraph alleges that soon after the death of appellant's mother he entered upon a relentless course of cruel and brutal treatment of his imbecile sister, Margaret, by whipping, assaulting and beating her, and in failing and refusing to provide her with suitable food and clothing, and otherwise to care for her properly. Both paragraphs allege in substance that he failed, neglected and refused to carry out his contract to support said Margaret, by refusing to give her any support or maintenance, either at his home or elsewhere, but placed her in the poor asylum,

where he allowed her to remain, except at short intervals, until taken therefrom by appellee. Said Margaret was not a pauper. Her mother, actuated doubtless by the love she bore her unfortunate child, had guarded against the possibility of any such fate, by providing a means for her support. This being true, she was not properly an inmate of a poor asylum, and it requires neither argument nor citation of authorities to show that appellant violated his alleged contract in placing her there. *Vancleave* v. *Clark* (1889), 118 Ind. 61, 20 N. E. 527, 3 L. R. A. 519; *Ptacek* v. *Pisa* (1907), 231 Ill. 522, 83 N. E. 221, 14 L. R. A. (N. S.) 537. Under these circumstances a strong moral obligation rested on appellee to give her unfortunate aunt the support and care which, under the allegations of each paragraph of the complaint, appellant owed her, but which he had signally failed to provide. When appellee discharged this obligation, she did not thereby become a volunteer, but acted, in a sense, under a form of compulsion which equity recognizes, and which in its broad application has been accepted in proper cases as a basis for the right of subrogation. 37 Cyc 374, 376, 379; 9 Cyc 358; Sheldon, Subrogation (2d ed.) §245; *Slack* v. *Kirk* (1871), 67 Pa. 380; *Hoover* v. *Epler* (1866), 52 Pa. 522; *Key* v. *Harris, supra; Campbell* v. *Foster Home Assn.* (1894), 163 Pa. 609, 30 Atl. 222, 26 L. R. A. 117, 43 Am. St. 818; *Dunn* v. *Dunn* (1890), 10 Ohio Dec. (Reprint) 765. Any other rule would be harsh and unjust, and could only be adopted and enforced by a failure to recognize the impelling force of an unimpaired conscience and the demands of an enlightened public opinion.

Some stress is laid on the fact that each paragraph of the complaint shows that the support which appellee alleges she gave said Margaret was furnished in the State of Kentucky, while the deed, under which appellant assumed the obligation of sup-

porting said Margaret, contemplates that such support was to be rendered on the farm conveyed to him by his mother. It will be observed that it is alleged in effect that appellant had neglected and refused to support his said sister at his home or elsewhere, and had placed her in a poor asylum. Having done this, appellant cannot rightfully complain, under the facts alleged, that appellee furnished the support, which he owed his sister and had failed to provide, at a place different from that specified in the deed from his mother, and thereby escape liability, although such place is in another state.

8. The amount due appellee for the support of appellant's imbecile sister, under the facts alleged, is not a proper matter for consideration in determining the sufficiency of the complaint. That was in the province of the jury trying the cause, and, in the absence of a showing to the contrary, it will be presumed that the court properly limited the scope of the evidence, and fully instructed the jury in that regard.

But appellant contends with much earnestness that the case of *Pierson* v. *Phillips* (1915), 85 N. J. Eq. 60, 95 Atl. 622, is in all its essential features identical 9. with the case at bar, and should be controlling.

An examination discloses that the decision in that case, in so far as it can be said to be analogous to the instant case, turned on facts which the court found the evidence established. In the case before us we are only called upon to determine the sufficiency of the complaint, and hence must limit our consideration to the facts alleged therein, including such reasonable inferences as may be properly drawn therefrom. It may be that the evidence on the trial established facts which show that appellee was an interloper, a mere volunteer, without equity in her favor, and with no right of subrogation, as appellant claims, but we cannot consider such facts, as the evidence is not in the record, and the overruling

of a motion for a new trial has not been assigned as error.

For the reasons stated, there was no error in overruling the demurrer to either paragraph of the complaint.

Judgment affirmed.