CAMPBELL, &c.
vs
BRANNIN & Co.

In suits by pe-
tition and sum-
mons, if the
plaintiff claims
to be the holder
of the note sued
on by assignment
he must set out
the assignments,
showing his ow-
nership.

*Thompson* for plaintiff.

---

## Campbell, &c. vs Brannin & Co.

CHANCERY.

Case 119.

ERROR TO THE HENRY CIRCUIT.

*Trusts and trust estates.*

July 6.

Case stated.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THIS bill was filed by Brannin & Co. against Eliza T. Campbell and her husband and children, and H. Allen, the trustee of Mrs. Campbell and her children, to subject the trust estate to the payment of a store account of the complainants, for goods furnished to the *cestui que trust*, at the request of Mrs. Campbell, on the credit of the trust fund, and on the faith of her promise that it was, and should be bound for them. The adult defendants did not answer. The correctness of the account, the suitableness of the articles to the wants and

'condition 'of the beneficiaries, and the fact that the
.credit was given on the faith of the trust estate as al-
ledged, were sufficiently :proved by depositions read
without objection in the Circuit Court, and which, there-
fore, cannot be excluded here. And it appearing from
the master's report, that besides land, slaves and per-
sonal property probably in the possession of Mrs.
Campbell and her family, and essential to their comfor-
table support, there was in the hands of the trustee,
more than $1,500 in money of the trust estate, he was
decreed to pay the amount of the complainant's ac-
-count, with interest, out of the trust funds in his hands.
The reversal of this decree is sought by the present writ
·of error.

The will which ·creates the trust, devises one fifth
part of the testator's estate to trustees, for the sole use
and benefit of his daughter, Eliza T. Campbell, and her
·children which she now has and which she may here-
after have, during her lifetime, and after her death, for
her said children and their heirs forever./ The primary
·object of this devise, was to secure to Mrs. Campbell
and her family of children, a comfortable support out of
the trust estate during her life. The estate was devised
to trustees to secure its proper application and manage-
ment, and to keep it from being disposed of by the hus-
band and from subjection to his debts. In the absence
of any interferance by the trustees, and on their failure
to appropriate the estate or its profits, to the support of
the family, we have no doubt that Mrs. Campbell, as the
principal beneficiary and on the ground of necessity and
of presumed authority from the trustees, might obtain
.the necessary supplies for herself and the family of
which she had charge, upon the credit of the trust es-
tate, and with the effect of charging, not only her own
interest therein, but the interest of her children also,
for whose support as well as her own, the supplies might
be necessary. / And as the goods in the present case
were suitable and necessary, and were procured by and
for Mrs. Campbell under the circumstances just stated,
and upon the credit of the estate, and on her pledge of
its liability, we think this amounts to a ·charge upon the

CAMPBELL, &c.
vs
BRANNIN & Co.

An estate was
devised to a trus-
tee for the sole
use of the daugh-
ter of the devi-
sor, a married
woman, and her
children, during
her life, remain-
der to her chil-
dren; the daugh-
ter obtained up-
on the faith of
the trust estate,
articles of mer-
chandize suited
to the condition
of herself and in-
fant children.—
Held that the
trust estate was
liable for the
payment thereof,
and that the
Chancellor could
so apply it. And,

CAMPBELL, &c.
vs
BRANNIN & Co.
estate, sufficient at least, to bind the personalty; and that as the use and profits of the estate seem to be necessary for the family, the appropriation of the money in the hands of the trustee to the payment of this debt, furnishes no just ground of complaint. If in the final adjustment of the interests of the several beneficiaries, it should be necessary to make any discrimination as to the portion of the expenditure that should be charged to each, the present complainants have no interest in that discrimination, and there is no suggestion by any of the parties, that it should be made in this suit. We are, however, inclined to the opinion, that so long as the estate is fairly appropriated to the support of Mrs. Campbell and her family, there is no ground for such discrimination. The testator did not intend to create adverse interests between the mother and children or between the children themselves, but to secure a common fund for their common support during the life of the mother and as her family, with remainder to the children after her death. It might well be supposed that although at any particular point of time, a smaller expenditure might be required for the younger than for the elder children, yet in the course of the mother's life, this difference would be substantially equalized by the assistance derived from the elder children, and by their marrying and leaving the family, and by the increased expenditures upon the younger ones as they should advance in age and take the places of elder children in the family.

The will does not, in our opinion, admit of a construction which would separate the interest of Mrs. Campell from that of her children, or which would authorize any compulsory separation or partition of the estate, unless in some case of flagrant abuse or urgent necessity. A proper charge against Mrs. Campbell, incurred for the support of the family, is no more a charge upon her interest in the estate than upon that of her children. If a charge upon the estate at all, it is a charge upon the interests of all.

—That the profits of the estate should be first    It is true, the principal fund should, as far as practicable, remain unimpaired for the benefit of the family

during Mrs. Campbell's life, and of her children after-wards. But the primary object of the will was the support of the family during Mrs. Campbell's life, and whatever may be the case with regard to the land and slaves, we are not prepared to say that the money and personalty of the trust estate might not, under urgent circumstances, be directly appropriated to that object. There is no express restriction on the subject in the will, and we do not perceive that any other is imposed by the law, or should be imposed by the Chancellor, than such as would be dictated by a sound and prudent discretion in view of the condition of the estate and the family. We cannot say that this discretion has been abused in the present case.

CAMPBELL, &c.
*vs*
BRANNIN & Co.

applied to the support of the daughter and her children, leaving the principal unimpaired if practicable, but if necessary, even that might be applied to meet the objects of the donor, as there was no express restriction to the appropriation of the profits only.

The note of T. Campbell, the husband of the beneficiary, which seems to have been taken at one time for so much of the account as was then due, is no bar to the relief sought by the bill, inasmuch as it was not taken in discharge or satisfaction of the debt. And although it tends to the inference that the account was raised upon his credit, yet as that inference is repelled by the proof, it can only be regarded as additional or collateral security, and not as a merger of the demand.

The answer of the guardian *ad litem* for the infant defendants, merely calling for proof, is not regarded as raising any question as to the statute of limitations, or as presenting any special matter in bar. The Court was not bound to apply the statue for their benefit, when it had not been relied on, and the complainants had not been called on to show any matter in avoidance of its application.

The objection that the Court should not have decreed payment by the trustee upon his failure to answer, without having appointed some person to defend for him, when the complainants had in their amended bill alledged his incompetency, from mental alienation, to discharge the duties of the trust, is not made in the regular assignment of errors, and could not on that account be properly regarded as a ground of reversal. But we remark, that although the suggestion of the complainants is unanswered, it does not place the trustee in the atti-

In a suit against trustee and *cestui que trust*, a bare suggestion in the bill, that the trustee had become a lunatic did not require that the Chancellor should engraft upon the suit an inquiry into the lunacy, &c.

SLAUGHTER'S
ADM'RS.
vs
SLAUGHTER'S
HEIRS, &C.

tude in 'this case, of a lunatic, with the privileges be-longing to that attitude. And we are not satisfied that the Court could properly have engrafted upon this case any inquiry into the state of the trustee's mind, or that it was bound to make any order in this case in reference to it, or to give to the suggestion any effect whatever in the present suit. It may be presumed that if the trustee was in fact a lunatic, the proper measures ap-propriate to his condition, would have been taken by those interested in it. We should certainly feel great difficulty in remanding this case, with directions to institute the usual proceeding for ascertaining the fact and appointing a committee. And we should feel an equal difficulty in reversing and remanding the case, with directions to appoint a person to defend for the trustee, on the mere ground of the suggestion on that subject by the complainants. It is not suggested that the sum decreed is not in fact in the hands of the trus-tee. And if he is before this Court at all, he is here without a committee, and in the ordinary way.

Without noticing particularly, other and minor ob-jections deemed untenable, the decree is affirmed.

*Craddock and Berryman* for plaintiffs; *Morehead & Reed, and M. D. McHenry* for defendants.