## Hickman, etc. v. Moore.

(Decided October 22, 1914).

## Appeal from Allen Circuit Court.

1. Wills—Interpretation.—All technical rules of interpretation must give way and be subordinate to the intention of the testator

when, from the language used in the whole instrument, that intention may be fairly ascertained.

2. Wills—Construction—Subrogation.—Where the testator, in disposing of his property, provided that "all of which I bequeath unto her own behoof or so much as may be necessary," in making provision for his wife, and further provided, "that during her life the executors shall have the exclusive right to convey," the provisions manifested a plain intention to give the wife an estate for life; but where one in good faith believing the wife had a fee simple title, accepted a conveyance from her, and as a consideration therefor cared for and provided for her, in equity he is entitled to be subrogated to her rights to the extent of such expense, and should be adjudged a lien upon the property to that extent.

GOAD, OLIVER & GOAD for appellant.

THURMAN B. DIXON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

The only question involved on this appeal is whether under the will of John Thornton, deceased, his widow Clarissa Thornton took the fee in a certain tract of land or only took a life estate with remainder to the two appellants, the grandchildren of John Thornton.

By the first clause of his will it is provided:

"After my just debts and funeral expenses being paid, I give and bequeath unto my beloved wife, Clarissa Thornton, my entire land, consisting of three small tracts, also my entire stock consisting of horse, cattle, sheep and hogs, carriages, farming utensils, household and kitchen furniture, cash, and cash notes, all of which I bequeath unto her own behoof or so much as may be necessary. Should circumstances occur during the life of my wife, that my executors in their wisdom should think proper to sell my lands and buy elsewhere, they shall have the exclusive right so to do. Also to convey said land by deed or otherwise."

By the second clause it is provided that, "after the death of my said wife, Clarissa, I devise that Richard Hickman take possession of the remainder of my effects, if there be any, and hold the same until my two grandchildren become twenty-one years of age." * * * "I devise that R. W. Hickman make an equal distribution of my entire effects between Mary E. and Charlie B. Hickman."

In another clause he appoints R. W. Hickman and his wife executor and executrix. R. W. Hickman was the son-in-law of the decedent and the father of the two grandchildren named.

The lower court was of opinion that the wife took a fee under these provisions, and entered a judgment so construing the will, and the grandchildren have appealed. The question arises between them and the appellee Moore, to whom the land was conveyed by the widow in consideration of an agreement to keep and care for her during her life, and to nurse her, furnish her with medical attention, etc., which it is alleged in the pleadings was done.

All technical rules of interpretation must give way and be subordinate to the intention of the testator when, from the language used in the whole instrument, that intention may be fairly ascertained.

The use of the words by the testator in the first clause, "all of which I bequeath unto her own behoof *or so much as may be necessary,*" taken with the further provision therein, "that during her life the executors shall have the exclusive right to convey," and in connection with the provision in the second paragraph that, "the remainder of my effects, *if there be any,* shall be divided between his two grandchildren, manifests a plain intention upon the part of the testator that his wife should be provided for and protected during her life no matter how much of his property might be consumed in that way; but that, if after such provision, at her death anything remained it was to go to his grandchildren.

No greater effect can be given to these provisions than that the wife was to take a life estate in the property, and to have the right in addition thereto to encroach upon the principal, if it was necessary for her support and maintenance, but that whatever might be left should go in remainder to the grandchildren. The fact that he gave during her life time the *exclusive* right to convey the land to his executors, is conclusive that he intended to leave to their joint discretion the necessity for and the wisdom of conveying the same.

But, if the appellee in good faith believing that the widow had the fee simple title, accepted a conveyance from her and as consideration therefor did care for and provide for her, in equity he would be entitled to be subrogated to her rights under the will to the extent he so

provided for her over and above the value of the use of the property, and might be adjudged a lien upon the property for such amount as was reasonably necessary for her support.

The judgment is reversed for such further proceedings as may be necessary.