## Bybee v. Wilson, et al.

(Decided December 1, 1922.)

### Appeal from Allen Circuit Court.

1. Trusts—Payment of Consideration for Conveyance to Another.— Where a deed is made to one person for a consideration paid by another, no use or trust will result in favor of the latter, unless the grantee takes the deed in his own name, without the con-

sent of the person paying the consideration, or in violation of some trust.

2. Trusts—Payment of Consideration for Conveyance to Another.— The petition in this case fails to show that the purchase of the land in controversy was made under such circumstances as effected the vesting of the equitable title in the plaintiff, and, consequently, the demurrer to the petition was properly sustained.

OLIVER & DIXON for appellant.

GILLIAM & GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Appellant filed his petition in equity in the Allen circuit court against T. A. Wilson and Mrs. E. M. Netherton, wherein he alleged that he was the owner of and entitled to the possession of a tract of land on the Maysville road, about five miles east of Scottsville, consisting of about fifteen acres; and that Wilson was claiming it under some sort of pretended conveyance from his codefendant, Mrs. E. M. Netherton. He asked that he be adjudged the owner of the land, and that the court direct the master commissioner to execute and deliver to him a deed of conveyance for it.

A demurrer to the petition was sustained, and appellant, declining to plead further, prosecutes this appeal for a reversal of the judgment rendered by the court below.

Although the petition alleges that appellant is the owner of the land it does not aver that he holds the legal title, but sets up the facts on which his claim of ownership is based. They are, that he is the son and only surviving heir of Lizzie Bybee, who died intestate in Allen county; that at the time of her death she owned some personal property and thereafter he furnished to his stepfather, John Hatfield, who survived Lizzie Bybee, a part of the personal property that his mother left, and also a wagon and a team, with which John Hatfield purchased the land. It is further averred that, after the death of Lizzie Bybee, Hatfield married E. M. Netherton, and within four months after the land was purchased, died; that E. M. Netherton, by the permission of appellant, remained on the land, agreeing to surrender it to appellant on demand; and that subsequently she sold it to her codefendant, T. A. Wilson, who has since been claiming and occupying it.

It will be observed that the claim of equitable title is founded, as averred, on the purchase of John Hatfield, the consideration for which was furnished by appellant. Accepting the allegations of the petition as true, which must be done on demurrer, the question is, did Hatfield's purchase, under the circumstances set forth, vest in appellant the equitable title or effect a trust for his benefit? It has been held, conformable to section 2353 of Kentucky Statutes, that when a deed shall be made to one person and the consideration shall be paid by another, no use or trust shall result in favor of the latter; but where a vendee (1) takes a deed in his own name, without the consent of the person paying the consideration, or (2) the grantee, in violation of some trust, shall have purchased the land deeded with the effects of another, a trust will result. Roche v. Roche, 188 Ky. 327, and Acker, etc. v. Henry Clay Oil Co., etc., 196 Ky. 508. Appellant's case, as stated in the petition, must be measured by these rules; and it will be noted that it is not charged that the deed to the land was taken in the name of John Hatfield without the consent of appellant, who paid the consideration, or that Hatfield, in violation of some trust, purchased the land deeded with the effects of appellant. Hence, neither of the conditions, under which equity would decree a resulting trust for the benefit of appellant, is shown to exist. Besides, it is alleged in substance that the purchase was made with the consent of appellant who paid the consideration, which is precisely the state of case that the statute says shall not effect a trust. It is plain, therefore, that the equitable title did not vest in appellant, and, as he does not allege that he is the holder of the legal title, it follows that his petition failed to state a cause of action, and the demurrer thereto was properly sustained.

The judgment is affirmed.