### Stewart v. Commonwealth, et al.

(Decided June 2, 1925.)

#### Appeal from Clay Circuit Court

1. Contempt—Separate Judgments for Being Drunk in Court and Defiance of Court to Enforce Mandate Proper.—Separate judgments for contempt, inflicted, first, for being drunk and disorderly in court, second, for defiance of court to enforce its mandate, the last for refusal to obey officer's commands in presence of court, manifested by violence after rendition of second judgment, held proper, not being for the same offense.

2. Execution—Allegation of Payment of Judgment, Execution of which was Sought to be Enjoined, too General.—In proceeding to enjoin collection of execution issued on a judgment, allegation that judgment and court costs thereon had been fully paid to sheriff of county, held too indefinite, and demurrer was properly sustained.

3. Subrogation—Sheriff Satisfying Bond Without Liability or Plaintiff's Consent Not Subrogated to Rights on Bond.—Sheriff, who without any liability on his part or consent of debtor satisfies re-

plevin bond, would not be subrogated to rights against debtor on bond, as no one can pay the debts of another and become his creditor without his consent.

4.  Subrogation—Satisfaction of Judgment by Sheriff After Return of Execution, "no Property Found," Not Necessarily Discharge as to Debtor.—That sheriff, by reason of liability in returning former execution "no property found," had paid state for amount of execution and interest, would not discharge judgment debtor, as sheriff would be subrogated to creditor's rights on bond.

5.  Execution—Execution, Directed to and Executed by Sheriff who had Satisfied Judgment, Invalid.—In view of Civil Code of Practice, section 667, prohibiting officer from executing process in which he is interested, petition to enjoin collection of execution, alleging that it was directed to and executed by sheriff, who had formerly satisfied judgment, held to state good cause of action whether sheriff's payment was voluntary or involuntary.

ROY W. HOUSE and JOHN M. QUINN for defendant.

A. D. HALL for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

In this action plaintiff seeks to enjoin the collection of an execution, and to cancel both the execution and replevin bond upon which it was issued.

It is substantially alleged in the petition as amended that at the January, 1922, term of the Clay circuit court, the judge of that court inflicted three separate punishments upon plaintiff for contempt of court, each consisting of a fine of $30.00 and thirty hours in jail, or an aggregate punishment of $90.00 in fines and ninety hours' imprisonment; that these punishments were inflicted on the same day and within a few minutes of each other; that in so doing he acted arbitrarily and in excess of his jurisdiction, and, therefore, the judgments were void, it being intimated, though not charged, that the different punishments were all for the same offense.

He served the ninety hours in jail and executed a replevin bond for the $90.00 fine. The execution in controversy was issued on that replevin bond and levied on certain lands belonging to plaintiff in connection with an execution on another judgment of $50.00 rendered against him at a different time which he alleges has been paid and which he also seeks to enjoin.

There were filed with the petition copies of the judgment in the contempt cases. These show that the first

judgment was inflicted for contempt, the defendant being drunk and disorderly in court. The second shows that after the first punishment was inflicted the defendant defied the court to enforce its mandate and thereupon the second judgment was rendered. The third shows that subsequent to the rendition of the second judgment the defendant again refused to obey the officers' commands and in the presence of the court manifested such violence that the third sentence was imposed.

It thus appears that all of the penalties were not for the same offense and the court clearly had power to inflict the punishments for each of the several offenses as each arose, hence the bond and execution could not be attacked on the ground that this judgment was invalid.

The only reference to the other judgment for $50.00 is in these words, "That said sheriff has advertised that aforesaid property would be sold at public auction on the 5th day of March, 1923, to satisfy the aforesaid judgments, together with the judgment for $50.00 which was rendered against this plaintiff at another time in favor, however, of the Commonwealth of Kentucky. The plaintiff says that the last named $50.00 judgment and the court costs thereon had been fully paid to D. W. White, sheriff of Clay county."

As this allegation is so indefinite that no judgment could be rendered thereon it does not state a cause of action and the court therefore properly sustained a demurrer to the petition as amended.

Subsequently the plaintiff offered a second amended petition in which it was alleged that "the first execution issued on the replevin bond in the contempt cases was returned by the sheriff 'no property found,' that afterwards the state inspector and examiner inspected the office of the circuit clerk of Clay county and called attention to that execution and return; that thereupon the sheriff satisfied that bond by paying the inspector the amount of the bond with penalties and interest, and that the execution in controversy was issued by the clerk on the same bond and directed to the sheriff."

The court refused to permit this pleading to be filed and plaintiff declining to plead further the action was dismissed. If the sheriff without any liability on his part and without plaintiff's consent satisfied the bond, a rather improbable theory, the plaintiff would not be liable to the sheriff therefor, as one may not pay the debt of another and become his creditor without his con-

sent; but if by reason of his conduct in returning the former execution "no property found" the sheriff became liable to the state for the amount of the execution and interest, his payment thereof to the inspector was not a voluntary act on his part. Such payment would satisfy the state, but under the circumstances should entitle the sheriff to a subrogation of its rights in the bond, with the right to have an execution issued theron and endorsed for his benefit. However an officer cannot execute process in which he is interested. Section 667, Civil Code.

As it is alleged that this execution was directed to the sheriff and executed by him, the second amended petition stated a cause of action whether the sheriff's payment was voluntary or involuntary, and the court should have permitted it to be filed. Of course if it should appear that the sheriff was entitled to this remedy, although the execution and levy in this instance may be invalid for the reasons stated, this would not prevent the issual of another execution for the sheriff's benefit directed to the proper officer.

Wherefore, the petition for rehearing is granted, the case is reversed and cause remanded for proceedings consistent with this opinion.