### Rowe, et al. v. Blair, et al.

(Decided November 4, 1927.)

#### Appeal from Pike Circuit Court.

1. Limitation of Actions.—Limitations do not run against woman under disability of coverture, notwithstanding provisions of Married Women's Act (Ky. Stats., secs. 2127-2148).

2. Homestead.—Where widow elected to take homestead right in land of her first husband, and second husband exchanged such

land for other land, widow's homestead interest attached to tract conveyed to her second husband in exchange, and her children had remainder interest in same, preceded by her rights of life occupancy.

3.  Dower.—Where land of deceased husband was worth not exceeding $1,000, it will be presumed that widow elected to take her homstead right therein rather than dower.

4.  Limitation of Actions.—That action was barred by limitation is defense which must be pleaded and cannot be reached by demurrer.

5.  Trusts.—Complaint alleging that plaintiffs' stepfather received deed in exchange for lands belonging to their mother and themselves as heirs of their father, and that stepfather's heirs were setting up claim to land in controversy as collateral heirs of stepfather, and that he held title in trust for plaintiffs and their mother, held to state cause of action for establishment of trust in land.

JOHN H. ADKINS for appellants.

STATON & KEESE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellants were the plaintiffs below, and the appellees were the defendants, and they will be so referred to in this opinion. Plaintiffs are the three adult children of Lilburn Rowe, who died intestate and a resident of Pike county in 1883, and their mother, who survived her husband and later married one William H. Ratliff. The latter died intestate in 1923, but he had no descendants and left only collateral heirs, who are the defendants. At the time of the death of William H. Ratliff, he and his wife (formerly Mrs. Rowe) resided on a small tract of land in Pike county containing about 75 acres. Plaintiffs filed this equity action in the Pike circuit court against defendants, seeking some sort of relief, which we have had great difficulty in discovering. The petition and its amendments are most inartificially drawn, but, after considerable study, we have concluded that a fair interpretation of the confused language employed is: That Lilburn Rowe at the time of his death was the owner of a small tract of land in Pike county upon which his widow and children (the plaintiffs herein) continued to reside after his death; that some time thereafter the widow married William H. Ratliff and he and plaintiffs continued to reside upon it for a number of years, when it was exchanged for the land involved in this case, located in the same

general neighborhood; that the deed to the latter tract was executed either in 1890, 1892, or 1896. (each of which is stated in the pleading, but which is the correct one we are unable to determine) to William H. Ratliff without the knowledge, agreement, or consent of plaintiffs and against their will; that parts of the land conveyed by that deed (and which was obtained in exchange for the Melvin Rowe tract) were conveyed to the Rowe children from time to time, leaving only 25 acres occupied by William H. Ratliff and wife at the time of his death; that defendants are setting up claim to the 25 acres as the collateral heirs of William H. Ratliff, and plaintiffs aver that he held the title in trust for the Rowe children and their mother, who, as we have seen, was also the widow of William H. Ratliff. It was furthermore alleged that the deed to William H. Ratliff was procured by him either through fraud or mistake, and that, since he paid no part of the consideration, he was but a trustee, and that the real beneficial owners were the plaintiffs, who are the cestui que trust under the deed. After filing their initial pleadings, plaintiffs took and filed a number of depositions, but defendants made no defense whatever except to file a demurrer to the petition as amended, which the court sustained and dismissed the petition after plaintiffs declined to plead further, and, to reverse that judgment, plaintiffs prosecute this appeal.

We have not been favored with a brief for appellees, and appellants' brief does not inform us of the ground upon which the demurrer was sustained. We therefore are left to conjecture what it was, and the only one suggesting itself to us is that the court may have concluded that the cause of action, if any, was barred by limitation. If that were the ground, the court was clearly in error for a number of reasons, some of which are: That Mrs. Ratliff was under the disability of coverture from the date of the deed to her second husband until his death, and, under the well-settled rule in this court, limitations did not run against her during such disability, notwithstanding the provisions of our statute commonly known as the Married Woman's Act, and which is contained in article 3, c. 66, of the 1922 edition of Carroll's Kentucky Statutes. Under the facts as alleged she was entitled to either dower or homestead in the landed estate of her deceased first husband, and, since it appears that the land

was worth not exceeding $1,000, it will be presumed that she elected to take her homestead rights therein, and her same interest would attach to the tract conveyed to her second husband, William H. Ratliff, a part of which is, as we have seen, involved in this case. So that, the interest of each of her children was a remainder interest preceded by her rights of life occupancy.

Another reason why the court was in error, if he sustained the demurrer on the supposed ground, was that limitation is a defense which must be pleaded and cannot be reached by a demurrer. See Merritt v. Cravens, 168 Ky. 155, 181 S. W. 970, L. R. A. 1917F, 935; Commonwealth v. McCormack, 177 Ky. 478, 197 S. W. 977; Eastern Gulf Oil Co. v. Lovelace, 188 Ky. 244, 221 S. W. 544; Johnson v. Johnson, 183 Ky. 427, 209 S. W. 385; and Moore v. Shepherd, 189 Ky. 596, 225 S. W. 484.

If, however, the court did not sustain the demurrer upon the above-supposed ground, but did so upon the theory that the facts stated did not constitute a cause of action, we then conclude that he was in error. Facts almost identical with the ones so crudely alleged in plaintiffs' petition as amended were presented to us in the case of Acker v. Henry Clay Oil Co., 196 Ky. 508, 245 S. W. 6, and we held that they constituted a cause of action, but that the evidence did not support the pleading. That case followed the prior one of Roche v. Roche, 188 Ky. 327, 222 S. W. 86, and the still later case of Bybee v. Wilson, 196 Ky. 644, 245 S. W. 295, upheld the same doctrine. In the Roche and Acker cases, the conveyances involved were made to the husband of the wife, but the consideration was paid by the latter, and the deed was taken without her knowledge or consent and contrary to her wishes, and it was held in each of them that, if the evidence clearly established such facts, the husband will be declared a trustee for the one or ones whose property furnished the consideration for the conveyance. The principles underlying the doctrine declared and followed in those cases are discussed in the opinions, and which are unnecessary to repeat here. Whether the evidence filed in the case, and which we have read, is sufficient to establish the trust is not the question now presented; but it does clearly appear from the cited cases that under the facts as alleged in plaintiff's pleadings a cause of action was stated in their favor against defendants, and the court erred in sustaining the demurrer filed thereto.

Wherefore the judgment is reversed, with directions to set it aside and to overrule the demurrer, and for proceedings consistent with this opinion.