## Dowell v. Gray Von Allmen Sanitary Milk Company.

(Decided November 15, 1927.)

### Appeal from Jefferson Circuit Court
### (Common Pleas Branch, First Division).

1. Limitation of Actions.—Action by married woman for personal injuries sustained by her after marriage, and more than a year before bringing of action, held not barred by Ky. Stats., section 2516, providing that action for injury to person of plaintiff shall not be commenced after one year, bar of limitations being avoided by section 2525, providing that, if a person entitled to bring any of certain actions was, at time cause of action accrued, a married woman, or under other disability, action may be brought within like time after removal of disability that is allowed to person having no such disability.

2. Limitation of Actions.—Where plaintiff suing for personal injuries specifically alleged in petition her marriage prior to injury, and defendant by its answer set up bar of one year statute of limitations (Ky. Stats., section 2516), plaintiff held not bound to again set up coverture by means of reply, in order to avoid, under Ky. Stats., section 2525, the bar of limitations, since it was sufficient to set up coverture by petition.

3. Pleading.—Pleading need be certain only to a common intent.

4. Appeal and Error.—Court of Appeals should determine appeal on assumption that pleading of coverture in avoidance of bar of limitations was sufficient, where sufficiency was conceded in circuit court, and judgment of that court expressly rested on ground that coverture did not avoid bar of limitations.

5. Pleading.—Allegations in petition which are unnecessary to make out cause of action, and only anticipate a defense, may be stricken out on motion.

6. Pleading.—Where allegations in petition which are unnecessary to make out cause of action, and only anticipate defense, are not stricken out, and an answer is filed, in passing on demurrer to answer, only question is whether facts stated in answer constitute defense under facts stated in petition and admitted by answer to be true; fact that matters are alleged in petition which should be alleged in reply being no ground for demurrer, under Civil Code of Practice, section 93, subsection 1.

BEN F. EWING and THOMAS A. BALLANTINE for appellant.

O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Appellant brought this suit against appellee. She alleged in her petition that on November 1, 1923, while

she was riding as a passenger in an automobile on Baxter avenue in Louisville, the defendant negligently and carelessly ran its wagon and team into the automobile in which she was riding thereby injuring her, to her damage in the sum of $1,000. She also alleged that she is a married woman, the wife of John Dowell, and that they were married at Irvington, Ky., on August 10, 1918.

The defendant by the first paragraph of its answer denied the allegations of the petition. By the fourth paragraph of the answer it pleaded the one year statute of limitation; the action having been brought on April .22, 1926. The plaintiff demurred to the second paragraph of the answer. The court overruled the demurrer upon this ground, as shown by its order:

> "The court being advised, it is considered and adjudged that said paragraph 4 of defendant's answer is a complete bar to plaintiff's claim; that the plaintiff's cause of action accrued more than one year before the filing of said action; that section 2525, Kentucky Statutes, is not applicable to personal injury cases under section 2516, art. 3, of the Kentucky Statutes."

This precise question was before this court in City of Ludlow v. Gorth, 214 Ky. 833, 284 S. W. 84, which, like this, was an action for personal injury. The court said:

> "Appellant city insists that the statutes of limitation, section 2516, bars the right of appelllee to prosecute the action because she did not commence her suit within one year from the happening of the accident. True, the action was not commenced within one year, but section 2525, Kentucky Statutes, provides:
>
> " 'If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was at the time the cause of action accrued, an infant, married woman, or or unsound mind, the action may be brought within the like number of years after the removal of such disability or death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued.' Clearly actions, such as this, fall within the third article of the chapter on

limitations as originally drafted and as employed in section 2525.''

That opinion followed Onions v. Covington & C. Elevated Railway, Transfer & Bridge Co., 107 Ky. 154, 53 S. W. 8, 21 Ky. Law Rep. 820; Henson v. Culp, 157 Ky. 442, 163 S. W. 455; Peters v. Noble, 196 Ky. 123, 244 S. W. 416.

Under section 2525, Ky. Stats., actions for personal injury stand just as any other action which is brought under the third article of that chapter. The court therefore erred in holding that section 2525, Ky. Stats., was not applicable. But it is insisted that the demurrer was properly overruled and the action was properly dismissed, because the plaintiff should have replied to the answer and set up her coverture in avoidance of the plea of limitation. In the recent case of Klineline v. Head, 205 Ky. 647, 266 S. W. 370, the court, having before it this precise question, said:

"The purpose of pleading is to notify the adverse litigant of the facts upon which the pleader intended to rely, and if the pleading as a whole furnishes that information the purpose has been accomplished and the adverse litigant has been accorded all that the practice entitled him to. In this case, while plaintiff need not have done so, yet in his petition he served notice on the defendant that the cause of action did not accrue to plaintiff within the five years limitation of the statute, which had elapsed, because the pleader did not discover the fraud upon which he relies and which is the foundation of his action until within twelve months before bringing his suit, from which time he had an additional five years, or until the expiration of ten years from the perpetration of the fraud in which to file his action under the provisions of section 2519 of the statutes. As we have seen, defendant denied that matter of avoidance, which to our minds was sufficient to raise the issue without additional pleading."

A number of authorities to the same effect are collected in that opinion, which is the last utterance of the court on the subject, and in effect overruled L. & N. R. R. Co. v. Paynter, 82 S. W. 412, 26 Ky. Law Rep. 761.

In Anderson v. Granville Coal Co., 205 Ky. 111, 265 S. W. 472, the judgment was reversed for other reasons,

and what was said as to the allegation of the petition was unnecessary for the decision of the case. It is further insisted that the allegations were not sufficient to avoid the plea of limitation. But they were treated as sufficient in the circuit court. A pleading need only be certain to a common intent. The pleadings show that the plaintiff was a married woman, and had been a married woman since August 10, 1918. The sufficiency of the pleading having been conceded in the circuit court, and the judgment of the court expressly resting on the ground that the statute ran against the plaintiff though she was a married woman, the case should be tried here as it was there.

Allegations in a petition which are unnecessary to make out the cause of action, and only anticipate a defense, may be stricken out on motion. When they are not so stricken out, and an answer is filed, on demurrer to the answer, the only question presented is: Do the facts stated in the answer constitute a defense under the facts alleged in the petition and admitted by the answer to be true? The fact that matters are alleged in the petition which should be alleged in the reply in the proper order of pleading is not ground for demurrer under the Code.

> "A general demurrer is an objection to a pleading because it does not state facts sufficient to constitute a cause of action or a defense, or because it does not state facts sufficient to support a cause of action or a defense." Civil Code, sec. 93, subsec.1.

Judgment reversed, and cause remanded for further proceedings consistent herewith.