## Vance et al. v. Atherton et al.

(Decided Jan. 30, 1934.)

BARNES & SMITH for appellants.

HEAVRIN & MARTIN for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

John B. Atherton and Delila Atherton, residents of McLean county, Ky., were husband and wife and the father and mother of Stellar Vance and Lander C.

Atherton. In December, 1914, they conveyed to their son, Lander C. Atherton, their home, containing a residence and 30 acres of land. The deed recites a consideration of $100 cash, "and the further consideration that Lander C. Atherton would support, maintain and care for said John B. Atherton and Delila Atherton during the remainder of their lives," "and lien is retained on the property conveyed to secure the performance of the agreement heretofore mentioned." They continued to occupy the residence until the date of their deaths; John B. Atherton dying at the age of 85, August 17, 1920, and Delila Atherton on February 10, 1929, at the age of 81.

According to the allegations of the petition as amended, at the time the deed was executed and delivered to Lander C. Atherton, John B. Atherton was of unsound mind and remained of such mental capacity not to know or understand the nature and effect of the deed until the date of his death. He was a paralytic, with Bright's disease, and owing to his mental and physical condition, for seventeen months immediately preceding the date of his death required care and nursing "as though he were a child." He and his wife were without any means of support. Lander C. Atherton took possession of, and exercised authority over, the premises, except the dwelling, and appropriated to his own use the rents, issues, and profits arising therefrom, after the date of the deed. He declined and refused to provide support or to maintain either John B. Atherton or Delila Atherton. And from about August, 1915, at the special instance and request of Delila Atherton for herself and husband, to prevent them from suffering for the lack of food, clothing, nursing, and care, and in order that they might not become a charge on public charity, because Lander C. Atherton persistently failed and refused to carry out the provision of the deed, Stellar Vance and her husband, J. D. Vance, with the knowledge and acquiescence of Lander C. Atherton, rendered unto John B. Atherton and Delila Atherton needed services, and provided them with "sustenance, clothing, nursing, care, support and maintenance," in accordance with the provision of the deed and in reliance "on the charge made, and the lien retained on the 30 acres of land and improvements," for their compensation.

They brought this action against Lander C. Ather-

ton and wife, Effie Atherton, setting up the foregoing facts, insisting they were entitled to be subrogated to the right of John B. Atherton and Delila Atherton to look to, and enforce, a lien on the land and improvements to satisfy their claim for services and the cost of providing them food and raiment. The court sustained a demurrer to the petition and entered a judgment dismissing it; hence this appeal.

It is here argued by Lander C. Atherton and Effie Atherton the petition does not set forth facts constituting a "meritorious" claim against the estate of John B. Atherton and Delila Atherton; the service contracted for "was personal to them for the purpose of securing care and maintenance from Lander C. Atherton"; the claim attempted to be set up in the petition as amended is barred by the statutes of limitation; they "are estopped by their own conduct and by their laches from maintaining the action"; they are volunteers and are not entitled to be subrogated to the lien reserved in the deed.

The petition as amended does not attempt to state facts, nor was it necessary for it to state facts, sufficient to constitute a cause of action against the estates of John B. Atherton and Delila Atherton. It contains allegations showing the execution and delivery of the deed, its acceptance and the provision thereof, the furnishing of food and raiment; the circumstances under which the services were performed; the extreme want of the parents and the absolute necessity therefor; and such other facts as are indispensable to bring their claim and right to enforce the lien on the land within the equitable doctrine of subrogation.

An interloper or a volunteer who, with no legal obligation to do so, pays the debt of another, is not entitled to invoke the equitable doctrine of subrogation. McQuerry v. Wilson, 50 S. W. 1099, 21 Ky. Law Rep. 112; Hodge Tobacco Co. v. Sexton, 166 Ky. 219, 179 S. W. 36; Jones v. Louisville Tobacco Whse. Co., 135 Ky. 824, 121 S. W. 633, 123 S. W. 307; Ill. Surety Co. v. Mitchell, 177 Ky. 367, 197 S. W. 844, L. R. A. 1918A, 931; Stewart v. Com., 209 Ky. 372, 272 S. W. 906; Huffman v. Martin, 226 Ky. 137, 10 S. W. (2d) 636.

Where the obligee, payee, or vendee is not in default or has not refused to comply with his obligation,

the doctrine of subrogation may not be resorted to by a party paying the debt of another. Eastern State Hospital v. Goodman, 155 Ky. 628, 160 S. W. 171.

As to the insistence that the Vances are estopped on account of their conduct, and laches, from maintaining the action, it is sufficient to say the facts advanced in support of this insistence do not appear other than in the brief of the Athertons. Facts constituting an estoppel must be pleaded. Ill. Canning Co. v. Livingston & Co., 201 Ky. 756, 258 S. W. 308. Also the statute of limitation must be pleaded. It cannot be raised by a demurrer notwithstanding earlier decisions of this court to the contrary. Lyttle v. Johnson et al., 213 Ky. 274, 280 S. W. 1102; Pool v. Pool, 214 Ky. 267, 283 S. W. 111; Rowe v. Blair, 221 Ky. 685, 299 S. W. 571. Furthermore, limitation does not run against a married woman under the disability of coverture, notwithstanding sections 2127-2148 Ky. Stats. Rowe v. Blair, 221 Ky. 685, 299 S. W. 571. The petition shows Stellar Vance was under the disability of coverture during the period of time mentioned therein, which was sufficient to prevent the running of the statute of limitation as to her. Dowell v. Gray Von Allmen Sanitary Milk Co., 221 Ky. 780, 299 S. W. 965.

The argument that the provision of the deed was personal as to the vendors for the purpose of securing their support and maintenance from Lander C. Atherton is unsound. Its provision may not be utilized to protect the latter in the breach of his contract to support and maintain them, in accordance therewith.

The doctrine of subrogation is pure equity, having foundation in principles of natural justice. It rests, not on contract, but on the natural principles of right and justice, when applied to the facts of the particular case, and includes every instance in which one who is not a volunteer pays the debt of another. Probst v. Wigginton, 213 Ky. 610, 281 S. W. 834; Louisville Trust Co. v. Royal Ind. Co., 230 Ky. 482, 20 S. W. (2d) 71. It is applied only when necessary to bring about equitable adjustment of a claim founded on right and natural justice.

On the facts in the present case, as they are set forth in the petition as amended, superior equity and natural justice demand the Vances' right to enforce the lien retained in the deed involved, thereby substituting their right to that of the parents of Mrs. Vance. She

was under a natural and moral obligation to care for and maintain them; her husband was under a moral obligation to her to co-operate with her when so doing. They were therefore in no sense "volunteers" within the meaning of this term as it is generally used and understood in such cases. Huffman v. Martin, 226 Ky. 137, 10 S. W. (2d) 636; Federal Land Bank of Louisville v. Marvin, 228 Ky. 242, 14 S. W. (2d) 762, 70 A. L. R. 1392; Coleman v. Frazer, 3 Bush, 300; Dawson v. Lee, 83 Ky. 49, 6 Ky. Law Rep. 413; Ferguson v. Staton, 42 S. W. 732, 19 Ky. Law Rep. 979. In 60 C. J. sec. 121, p. 820, it is written:

> "A person who advances the means of obtaining necessaries for one incompetent to contract, such as an infant, married woman, or insane person, is entitled by subrogation to a charge against the estate, and one who furnishes money and services in good faith for one for whose support, land is charged, is entitled to be subrogated to the rights of the beneficiaries and has a lien on the land, unless the contract for the support is personal and limited as to place."

This enunciation is consonant with the principle stated by this court in Louisville J. S. Land Bank v. Bank of Pembroke, 225 Ky. 375, 9 S. W. (2d) 113, 115:

> "It is generally held that the right of subrogation will arise where the party claiming it has advanced money to pay a debt which, in the event of default by the debtor, he would be bound to pay; or where the one making the payment had some interest to protect; or where the money advanced to pay the debt was under an agreement with the debtor, or the creditor, express or implied, that he should be subrogated to the rights and remedies of the creditor."

Ill. Surety Co. v. Mitchell, 177 Ky. 367, 197 S. W. 844, L. R. A. 1918A, 931; Probst v. Wigginton, 213 Ky. 610, 281 S. W. 834.

Under the provision of the deed, Lander C. Atherton was a debtor, and John B. Atherton and Delila Atherton were his creditors. It is expressly alleged in the petition as amended that the services, food, and raiment were furnished by the Vances, who were at the time under a moral obligation to furnish the same, and

did so at the instance and request of Delila Atherton (John B. Atherton being of unsound mind, at the time), because of Lander C. Atherton's breach of his contract with them. Such allegations bring this case within the pronouncement in Louisville J. S. Land Bank v. Bank of Pembroke, supra; Hickman v. Moore, 160 Ky. 474, 169 S. W. 827; Cutter v. Burroughs, 100 Me. 379, 61 A. 767; Thurber v. Chambers, 66 N. Y. 42; Huffmond v. Bence, 128 Ind. 131, 27 N. E. 347. In Henry v. Knight, 74 Ind. App. 562, 122 N. E. 675, the mother conveyed land to a son in consideration of his supporting his imbecile sister, and the son not only failed to support her, but cast her upon public charity; the daughter of another sister, in discharging her moral obligation in supporting her imbecile aunt, it was held, acted under compulsion recognized by equity, and was entitled to the equitable doctrine of "subrogation" against the grantee's son. Halstead v. Westervelt, 41 N. J. Eq. 100, 3 A. 270. In Thurber et al. v. Chambers et al., 66 N. Y. 42, the testator devised an estate charged with the payment of support and maintenance of a named individual. It was held that a lien was thereby created, which attached to and followed the remainder in the hands of the heirs of the testator. In Clark v. Marlow et al., 149 Ind. 41, 48 N. E. 359, the testator devised land to the executor and directed him to pay the income and rents derived from it to his brother, and if it remained unsold at the death of the brother, or if it shall have been sold, the proceeds remaining after his support had been provided for and his funeral expenses paid, the executor will pay the balance so remaining to other devisees named in the will. It was held the brother's maintenance and funeral expenses were a lien on the land so devised, and one who furnished such, at the brother's request, should be subrogated to his rights and was entitled to enforce a lien for the amount due for his maintenance and funeral expenses; against the devisees, without any demand upon them, and though no demand for support was made upon the executor by the brother in his lifetime. In Campbell v. Brannin & Co., 8 B. Mon. 478, the testator devised both realty and personalty in trust for the benefit of his married daughter and her children, during her life, the remainder after her death to her children; the object being to secure the daughter and her children a comfortable support. It was held that one who had furnished the

daughter with goods suitable to the condition of herself and her infant children, upon the credit of the trust estate, was entitled to subject the same to the payment of his claim therefor. In Bouton v. Doty, 69 Conn. 531, 37 A. 1064, the vendor conveyed to the defendant his personal and real property, reserving to himself a lien on the estate, with a right to use the personalty, with the power to mortgage the real estate to raise money for his benefit during his life, the grantee agreeing as a part consideration to furnish the vendor with so much money as the latter's necessities might require over and above any income realized from the life estate. It was held the plaintiff, at the request of the grantor who was in want, rendered him personal services, and expended money to provide him with necessaries, taking a mortgage on the premises to secure the same and future advances, was entitled to the equity of subrogation. To the same effect, see In re Stewart's Estate, 15 N. Y. St. Rep. 420, Clough v. Clough, 71 N. H. 412, 52 A. 449.

Section 331f, Kentucky Statutes, requires adult persons, residents of this state, having a parent within the state, the parent being destitute of means of sustenance and unable either by reason of old age, infirmity, or illness to support himself or herself, who is possessed of, or able to earn, means sufficient to provide such parent with necessary shelter, food, care, and clothing, and neglects or refuses so to do, after reasonable notice, shall upon conviction be deemed guilty of a misdemeanor, and punished as therein provided.

In Wood v. Wheat, 226 Ky. 762, 11 S. W. (2d) 916, we considered this section and determined that a child who had furnished the parent support was entitled to compel contribution from a sister or brother where notice had been given prior to the furnishing of the support to the parent that contribution will be expected.

The present action was not instituted under this section, nor do the facts alleged in the petition, as amended, bring the claim of the Vances within its provisions. The parents of Stellar Vance in the mental, physical, and financial condition described in the petition, without the issues, rents, and profits of the 30 acres, were utterly destitute and wholly unable to provide themselves with the necessities of life, resulting directly from their execution and delivery of the deed to Lander C. Atherton and his failure and refusal to

comply with its provision, obligating him to support and maintain them. Their condition existing and continuing was the proximate result of his failure and refusal to carry out his obligation, bringing them to the condition described in section 331f, which imposed upon Mrs. Vance the obligation to fulfill her duty to her parents as prescribed by it. The obligation imposed upon her by this section was based upon the natural and moral obligation resting upon her to do so. It cannot be said, with such duties resting upon her, subject to the penalty imposed by section 331f for her failure to discharge her statutory obligation, she was an "interloper" or "volunteer" within the meaning of either term as it is generally understood and recognized in cases in which the doctrine of subrogation applies. Whether J. D. Vance is entitled to be subrogated to the rights of John B. Atherton and Delila Atherton, because he assisted her, or acquiesced in Mrs. Vance rendering her parents services and providing them with support, with his and her labor and substance, is immaterial when determining her right herein to be subrogated to that of her parents and in allowing her to enforce, for the payment of her compensation as sought in the petition as amended, the lien retained in the deed of the parties though both of the parents were at the time of sound mind.

The judgment of the chancellor is not consonant with our views; therefore, it is reversed for proceedings consistent herewith.