## Partin v. Gilbert, Judge.
(Decided Oct. 14, 1938.)

HENRY L. BRYANT for petitioner.
FLOYD TAYLOR for respondent.

OPINION BY JUDGE PERRY—Dismissing petition.

This is an original proceeding in this court, wherein the petitioner, Hodge Partin, moves for a writ of prohibition, mandamus and such further supervisory orders as may be deemed proper, against the Hon. James M. Gilbert, as judge of the Bell circuit court, to prevent him from proceeding erroneously or without jurisdiction in his hearing and trial of the case of Martin Green against the petitioner, now pending in the Bell Circuit Court before the respondent, as judge thereof.

It appears, by the allegations of the petition, that a suit was filed by Martin Green in the Bell quarterly court against Hodge Partin, seeking recovery of damages in the sum of $60 for injuries to a cow belonging to the plaintiff. When the suit was instituted, summons was issued and served and attachment, which was levied and executed, sued out therein by the plaintiff, Green, who was at the time also the duly elected and acting sheriff of Bell county, who executed them as sheriff in his own suit.

Judgment in the quarterly court was duly thereafter made and entered on July 1, 1938, under and by virtue of which the plaintiff, Green, took possession of the defendant's automobile and has since retained its possession.

Upon entry of this judgment in the lower court against the petitioner, Partin, he forthwith prosecuted an appeal, by executing before the clerk an appeal bond, with E. K. Bennett and Lee Bain as sureties, (which bond was accepted and approved by the clerk) upon which supersedeas was issued.

Upon the convening of the court, counsel for Partin appeared therein and made a motion to require Green, who had filed suit in the lower court, to release the automobile, which he had attached in the lower court, and asking that Green be adjudged in contempt of court for not releasing the automobile when he had demanded it of him, after his executing an appeal bond and supersedeas had issued thereon.

Prior to this motion being made, however, counsel for Green had given notice and moved the court to require Partin to furnish additional solvent sureties on this supersedeas bond that had been taken and approved by the clerk of the court.

Counsel for Green filed certified statements of what property the sureties had listed according to the assessor's book.

After hearing arguments on this point and considering the record as presented, the court held that the bond was insufficient and that Partin should furnish additional solvent sureties to protect his bond.

After such ruling, Partin again appeared and asked if he might bring his sureties into court and have them testify as to the amount of property they owned, which would make them acceptable sureties on the bond.

The court granted this request and heard the two sureties upon the bond, Bennett and Bain, testify orally as to the amount of their property.

Bain swore that he had a small piece of property, on which he lived with his family (he being a married man), which was worth about $500, and also owned a one-half interest in other property, but that he had not

recorded his deed thereto. Bennett's testimony was practically the same.

After the hearing of lengthy arguments by the court as to the sufficiency of these sureties upon the bond, and personally knowing the sureties, the respondent advised counsel for petitioner that he doubted the sufficiency of the bond, as he personally knew Hodge Partin, the defendant in the case, to be a man with a criminal record, he having served a term in the penitentiary and then stood indicted at that term of the Knox circuit court, for which reason he felt that the sureties offered upon the bond ought to be amply sufficient to take care of any judgment that might be rendered upon the appeal. But further, the respondent states, that he at the time told counsel that if Bain would put to record the deed he claimed to have to the small tract of acreage property, he would approve the bond as made by them.

After the court had passed on these motions, counsel for petitioner came into court and insisted that neither the sheriff nor his deputies had the right to serve the summons and attachment in this case, and therefore no jurisdiction had by the court been acquired of petitioner.

The court, in his response, states that he heard argument at length on this point and, after a full consideration of it, reached the conclusion that even though the sheriff and his deputies were not qualified to serve their own papers in cases in which the sheriff himself was a party, the petitioner had waived this question in coming into the Bell circuit court and executing supersedeas bond and also by his therein urging that the bond was good, and further by his motion that the sheriff be adjudged in contempt of court and required to turn over the automobile which he had taken upon recovering judgment against the petitioner in the lower court.

After a very careful consideration of these several claims urged by the petitioner in support of his motion for the prohibitory writ and mandamus against the respondent, we entertain no doubt as to the insufficiency of the showing made by the petitioner or as to his having failed to manifest a right to this prohibitory writ he here seeks.

The petitioner claims that the court was acting without jurisdiction of the defendant, when making the

rulings herein complained of, on the ground that no jurisdiction was ever acquired of the person of the petitioner, in that the summons and attachment served and executed by Martin Green were issued by him when acting as sheriff in his own suit, rendering erroneous respondent's ruling upon petitioner's motion to quash the summons and the sheriff's return thereon, upon the ground that they were void by reason of the fact that the sheriff and his deputies were not qualified to serve their own papers in cases where the sheriff himself was a party. See Civil Code of Practice, sec. 667 subsec. 2, and Stewart v. Com., 209 Ky. 372, 272 S. W. 906.

Respondent states, that while entertaining no doubt upon the merit of such contention had the petitioner timely made such motion, when it would have been sustained, he was of the opinion, and accordingly so ruled, that the defendant, by executing the appeal bond in the circuit court and his later contentions made that the same was good, and further, the fact of his moving that the sheriff be held in contempt in failing to turn over to him his automobile after supersedeas was issued upon appeal, had waived the defective service of summons upon him by so entering his appearance in court, and that therefore the court was not afterwards without jurisdiction to make his complained of rulings upon these questions submitted upon the trial of the case.

Petitioner further states and argues that the clerk of the circuit court having accepted and approved the appeal bond and the sureties offered thereon, and supersedeas having issued thereon, the same was a final order, after which the question of the sufficiency of the bond could not be raised or considered by the court, and that therefore the court, in so doing, was proceeding erroneously.

We deem it unnecessary to go into a discussion of the merit of such contention, in that the approved and customary practice is that the trial court may rightfully in such case consider the sufficiency of an appeal bond offered in his court, and that, upon finding same affords insufficient security for the payment of such judgment as may be recovered upon the appeal, he may direct the giving of a new bond.

The rule is, as to the matter of our exercising the

authority given under section 110 of the Constitution to issue writs of prohibition, as stated in Smith v. Ward, Judge, 256 Ky. 13, 75 S. W. (2d) 538, as follows [page 540]:

"The original jurisdiction of the Court of Appeals to issue a writ of prohibition is conferred by section 110 of the Constitution, which confers upon it the power to issue such writs as may be necessary to give it a general control of inferior courts. Jurisdiction will not be assumed unless the inferior court against which a writ of prohibition is sought is threatening to proceed, or is proceeding, outside its jurisdiction and there is no remedy through an application to an intermediate court or unless the inferior court, although possessing jurisdiction, is exercising, or is about to exercise, it erroneously and great and irreparable injury will result to the applicant if it does so and there exists no other adequate remedy by appeal or otherwise. Litteral v. Woods, 223 Ky. 582, 4 S. W. (2d) 395; Natural Gas Products Co. v. Thurman, 205 Ky. 100, 265 S. W. 475; Fleece v. Shackelford, 204 Ky. 841, 265 S. W. 460."

Also, to like effect see the case of Edwards et al. v. Sims, Judge, 232 Ky. 791, 24 S. W. (2d) 619.

We are therefore very clearly of the opinion that the petitioner has failed to bring the facts of his case within the requirements of the rule as above announced, so as to entitle him to have given the prohibitory writ asked.

Wherefore, the petitioner's motion here made for a writ of prohibition and mandamus is not to be sustained and the same is overruled, and his petition dismissed.